[No. 25222.   Department One.   January 17, 1935.]

ROBERT F. TONNING *et al., Appellants,* v. NORTHERN PACIFIC RAILWAY COMPANY *et al., Respondents.*[1]

[1]Reported in 39 P. (2d) 1002.

*William Martin*, for appellants.

*L. B. daPonte, Robert S. Macfarlane*, and *J. W. Quick*, for respondents.

MAIN, J.—The plaintiffs are husband and wife, and brought this action to recover damages for personal injuries to each of them, and damages to their automobile. The cause was tried to the court and a jury, and resulted in a verdict in favor of the defendants. The plaintiffs made a motion for a new trial, which was overruled, and judgment was entered upon the verdict, from which they appeal.

The facts may be stated as follows: The accident out of which the litigation arose happened at 1:15 a. m., August 28, 1931, at the intersection of west Spokane street and Tenth avenue southwest, in the city of Seattle. West Spokane street is a wide street, and extends east and west. On the south side is a strip of pavement which carries the traffic moving to the east; on the north side is a strip of pavement thirty-four feet wide over which the traffic to the west moves. Between these two strips of pavement, there is a trestle upon which there are double street car tracks. Tenth avenue southwest extends north and south, and crosses west Spokane street at practically right angles. Upon Tenth avenue southwest, the respondent Northern Pacific Railway Company has a spur track, over which it operates trains to one or more industries north of Spokane street.

On the night of the accident, the railway company was operating a train, consisting of an engine and five box cars, the engine being at the south and pushing the train backwards to the north. The respondent Patrick J. Kiely was the foreman of this train crew, and had entire control of the crew and operation of the train. As the train moved backwards at a speed of

two or three miles an hour after it entered Spokane street on the south side, Kiely preceded it. Before it reached the south edge of the north pavement, he went to the center of that pavement, waved the lantern back and forth across the path of the approaching automobiles, and blew a policeman's whistle.

At the time he first waved the light and blew the whistle, the automobile of the appellants, the husband driving, was proceeding west about five hundred feet east of the crossing. The night was cloudy and dark, but it was not raining. No watchman was placed upon the rear car of the train, and no light was attached to the rear of that car. When Kiely became aware that the automobile of the appellants was not going to stop, he signalled the train to stop, which it did, the end of the box car extending over onto the south side of the pavement a distance of five or six feet. Kiely continued to blow the whistle and swing the lantern. The appellants drove by him, and the automobile collided with the end of the box car, and they suffered the injuries for which recovery is sought, and their automobile was damaged. The bell of the engine was ringing.

The facts stated are those which are supported by the evidence offered by the respondents.

The evidence offered by the appellants is to the effect that no signal was given in the street or at the rear of the train. The testimony on this side of the controversy was that Kiely was not on the pavement; that he swung no lantern and blew no whistle. It will thus appear that there was in the case a distinct question of fact, and that was whether Kiely was upon the pavement, waving a lantern and blowing a whistle; and the jury by their verdict found that he was. The case was submitted to the jury upon the theory that, Kiely being in control of the crew and the operation

of the train, it was his duty to give a warning, before the train backed across the pavement, which would be reasonably sufficient to protect the traveling public upon the street.

■ There were a number of charges of negligence, and in the instructions the jury were told that, if they found any one or more of them sustained, and that such negligence was the proximate cause of the accident, the appellants would be entitled to recover. It is said that the court erred in the instructions, because the jury could have returned a verdict to the effect that Kiely was not negligent and yet sustained the negligence of the railway company in not having a watchman or a light at the rear of the train. We think there was no error in the instructions, because, as already indicated, the court submitted the case to the jury on the assumption that it was the duty of Kiely to provide whatever warning was reasonably necessary. The jury had a right to find that, if Kiely was in the center of the pavement at the crossing, waving a lantern and blowing a policeman's whistle, that was the exercise of reasonable care to warn the traveling public upon the street, even though there was no watchman upon the rear of the train or light thereon.

The case of *Ray v. Hines,* 118 Wash. 530, 203 Pac. 929, is written on the theory that, in that case, at a similar crossing in the city of Spokane, there was no flagman upon the street with a lantern; and inferentially it is held that, had there been a lantern in the hands of a flagman at the crossing, that would have been sufficient.

■ It is said, however, that, since Kiely was waving a white lantern, and not a red, it would not operate as a signal of danger. The appellants were familiar with the crossing, having passed over it frequently over a period of years; and even though the

lantern was white, it was a sufficient warning of danger if it was swung in the way the witnesses for the respondents testified it was.

There are some other objections to the instructions, but it may well be doubted whether the exceptions thereto were sufficient to bring them here for review, under Rule of Practice VI, Rem. Rev. Stat., § 308-6 [P. C. § 8676-9], and the cases of *Wallin v. Massachusetts Bonding & Ins. Co.,* 152 Wash. 272, 277 Pac. 999, *State v. Eckert,* 173 Wash. 93, 21 P. (2d) 1035, and *Bown v. Tacoma,* 175 Wash. 414, 27 P. (2d) 711. In any event, we find no error in the instructions.

The real issue of fact in the case was that of whether Kiely was on the pavement waving a lantern and blowing a whistle, as he says he was; and this question was submitted to the jury clearly and concisely by the instructions.

■ It is further said that the court committed error in refusing to admit evidence as part of the *res gestae.* From the record made, it cannot be determined whether the evidence should have been admitted or not. No offer of proof was made, and there is no way for us to know whether the answer to the question, to which objection was sustained, would have disclosed material or immaterial matter.

■ It is also said that the court erred in refusing to receive evidence of other accidents that had happened at this crossing. Proof of other accidents or near accidents at the same crossing at other times under the same or similar circumstances may be received for the purpose of showing the existence of a dangerous condition, or knowledge thereof. 52 C. J. 415. There is no question in this case but that the respondents had knowledge of the dangerous condition at the crossing. It was not necessary that evidence of

other accidents be received in order to charge them with such knowledge.

The motion for new trial, which was supported by affidavits, was properly overruled, because the facts set out in the affidavits were either such as could or should have been discovered prior to the trial, were cumulative, or the evidence was not admissible.

The judgment will be affirmed.

MILLARD, C. J., BEALS, and TOLMAN, JJ., concur.