[No. 33752. Department Two. March 21, 1957.]

JOSEPH ZAHLER *et al., Respondents,* v. MERLIN H. DITTMER *et al., Appellants.*[1]

*Herbert A. Swanson,* for appellants.

*Paul M. Stocker,* for respondents.

HILL, C. J.—From a judgment for the plaintiffs in an automobile collision case tried to the court, the defendants appeal, contending that they were not negligent and that plaintiff Joseph Zahler was negligent in driving over the center line of the highway and that such negligence was a proximate cause of the collision, as a matter of law.

The four findings of fact that bear upon the issues of negligence and proximate cause are as follows:

[1] Reported in 308 P. (2d) 689.

"II. That the Lowell River Road is an asphalt surfaced public highway about 16½ feet wide, . . . which runs in a generally easterly and westerly direction; that the farm of one Alfred Stach is located along the south side of the said road and a certain private driveway located on the Stach property intersects the said road at approximately right angles; and that the said . . . Road is bounded, in great part, by the Snohomish River on the North.

"III. That on the 17th day of October, 1953, at about 4:30 o'clock p. m. of said day . . . , the plaintiff, Joseph Zahler, was driving the plaintiffs' automobile in a generally westerly direction on the said . . . Road at a speed of 50 miles per hour; that at said time and place, the defendant, Merlin H. Dittmer, was driving the defendants' 1950 Ford automobile at a very slow speed in a northerly direction out of the said private driveway . . . and was intending to drive onto the said . . . Road and proceed in an easterly direction . . . ; that the said defendant did drive the defendants' automobile onto the said . . . Road without making a full stop prior to his entrance upon the road and proceeded to within about 2 feet of the center line of the said road, when the automobiles of the plaintiffs and the defendants collided at a point on the said . . . Road approximately opposite the intersection of the said private driveway and the said road and at a point from 2 feet to 1½ feet over the center line of the said road from plaintiffs' lane of travel.

"IV. That the plaintiffs' automobile was more or less straddling the center line of the said road 50 to 100 feet from the point of the collision and the left wheels of the plaintiffs' automobile were about 2 feet to 1½ feet over the center line of the said road at the point of impact; that the plaintiff observed the defendants' automobile as it proceeded out of the driveway when he was about 100 feet away from the point of impact. . . .

"X. That the defendant, Merlin H. Dittmer, was negligent in the operation of his automobile in driving onto the said . . . Road without stopping, which was the proximate cause of the collision; that the plaintiff, Joseph Zahler, was not negligent in the operation of his vehicle. . . ."

From these findings, the trial court drew the following conclusion of law:

"I. That the failure of the defendant, Merlin H. Dittmer, to stop his vehicle was the proximate cause of the collision

herein and the damage to the plaintiff; that the plaintiff was not negligent in the operation of his vehicle."

The defendants take no exception to findings Nos. II, III, and IV, but do assign error to the making of finding No. X and to the quoted conclusion of law drawn therefrom.

The trial court's attitude on the question of proximate cause is expressed in the following statement in its oral decision at the end of the trial:

"Now, that is what actually happened, I think, in this case. Mr. Dittmer [defendant] did not see this car soon enough and did not stop. Now, we are faced, with that being the case, with whether or not his failure to stop was the proximate cause of this collision, or whether or not Mr. Zahler's [plaintiff's] driving on the highway two feet over the center line of this road was the proximate cause of this collision, or a contributing cause, so that by virtue of his contributory negligence he would not be able to recover.

"That brings us right down to the crucial point in the case, and that is this—if Mr. Dittmer had stopped his car, would this collision have happened? And the answer, of course, is that if he had stopped his car the collision would not have happened; that, irrespective of the fact that Mr. Dittmer may have been two feet over on the wrong side of his road (Zahler); this accident would have happened whether it was two feet over or whether it was directly on the center line. I think the evidence would substantiate even two feet over on the other side.  .  .  .

"As I say, this accident would have happened whether Mr. Zahler was two feet over the center line or not. And therefore, it could not be a contributing cause, and it could not be contributory negligence, under the facts as I find them."

We recognize the truth of the trial court's observations in its oral decision:

"People driving on these narrow country roads, while they may be flying in the face of 46.60.010 [cf. Laws of 1937, chapter 189, § 75, p. 891], knowing the construction of these county roads, knowing the fact that they are built so they are higher in the center and they drain to each side—the pictures would indicate that—people don't drive to the extreme right of the center line or to the right of the center line, or to the left of the center line at all times  .  .  .

"You should drive on such roads at a reasonable speed, and in a position so that if you meet oncoming traffic you can drive to the extreme right and miss them. So I don't think this matter of being two feet over on the other side of the road is a contributing cause to this accident."

While the circumstances and conditions referred to by the trial court explain why a driver straddles the center line of a country road, they furnish no excuse for his collision with a vehicle which is entirely to his left of the center line and outside of his lane of travel.

■ Whether Merlin Dittmer was negligent in entering upon the highway from a private roadway without stopping, and in proceeding at a "very slow speed" to within two feet of the center line, was under the circumstances and conditions then and there existing, clearly a question to be determined by the trier of the facts, as was the question of whether such negligence was a proximate cause of the collision with the plaintiff's automobile. The question remaining is whether there was contributory negligence on the part of the plaintiff which bars his recovery as a matter of law.

Plaintiff Joseph Zahler was driving in violation of a statute which requires any person driving on a public highway to drive to the right of the center line

". . . except when in the exercise of care in the overtaking and passing of another vehicle traveling in the same direction, or where an obstruction exists it is necessary to drive to the left of the center of such highway, providing the same is done with due care and right of way is extended to vehicles traveling in the proper direction upon the unobstructed portion of the public highway." Laws of 1937, chapter 189, § 75, p. 891 [cf. RCW 46.60.010].

Zahler was neither overtaking nor passing anyone, nor was he avoiding any obstruction in the highway. For the reasons stated by the trial court and heretofore quoted, he was justified in driving somewhat to the left of the center line until he saw the defendant's automobile "as it proceeded out of the driveway when he was about 100 feet away from the point of impact." He had a right to assume that the defendant's vehicle would not cross the center line onto his side of the highway (*Warren v. Hynes* (1940), 4 Wn.

(2d) 128, 102 P. (2d) 691; *Dyer v. Wallner* (1937), 189 Wash. 486, 65 P. (2d) 1281; *Geitzenauer v. Johnson* (1931), 161 Wash. 444, 297 Pac. 174), and it did not do so.

However, Zahler traveled that one hundred feet and hit the Dittmer automobile "about 2 feet" before it reached the center line of the highway. (On the basis of the findings, it could be said that Zahler traveled about one hundred feet while Dittmer was traveling approximately seven feet. The findings as to speed fix Zahler's rate of travel at "50 miles per hour" and Dittmer's as "very slow.")

With Dittmer's vehicle coming onto the highway, Zahler's failure to comply with the statute and drive to the right of the center line was negligence and "makes a *prima facie* showing of proximate cause, as a matter of law." *Olson v. Rose* (1944), 21 Wn. (2d) 464, 468, 151 P. (2d) 454. See, also, *Rumford v. Snider* (1948), 31 Wn. (2d) 431, 197 P. (2d) 446; *Purdie v. Brunswick* (1944), 20 Wn. (2d) 292, 146 P. (2d) 809; *Shelley v. Norman* (1921), 114 Wash. 381, 195 Pac. 243.

The basis of the trial court's decision was its conclusion that the collision would have occurred even had Zahler been driving on his own side of the road, that is, to the right of the center line. To so find, the trial court had to assume that defendant Dittmer, who was driving out of a private driveway "at a very slow speed," would not have stopped his automobile before it reached the center line; and had to assume, further, that if Dittmer did not stop, Zahler, if driving on his own side of the road, would not have traveled the length of his automobile during the period that Dittmer was traveling the eighteen inches or two feet necessary for his car to cross the center line onto Zahler's side of the road, and would not thus have passed clear of the Dittmer automobile. The evidence does not justify either assumption.

We are satisfied that the *prima facie* showing that plaintiff Joseph Zahler was negligent and that his negligence was a proximate cause of the collision, has not been met.

Reversed and remanded, with instructions to dismiss the complaint and the cross-complaint.

MALLERY, DONWORTH, WEAVER, and OTT, JJ., concur.