[No. 176-40744-1.     Division One.     April 20, 1970.]
Panel 1

SUSAN E. LEACH, *Respondent*, v. ROBERT G. WEISS *et al.*, *Appellants*.

ARTHUR B. LEACH, *Respondent*, v. ROBERT G. WEISS *et al.*, *Appellants*.

438

*Reed, McClure & Moceri, William R. Hickman* and *Thomas W. Huber,* for appellants Weiss.

*Davies, Pearson, Anderson, Pearson & Gadbow* and *Alvin A. Anderson,* for appellant Statler.

*Norman E. Bradley, Neal, Bonneville, Hughes & Viert,* and *William G. Viert,* for respondents.

SWANSON, J.—On July 3, 1966, defendants Weiss were traveling easterly on Interstate 5 toward Tacoma, towing a small camping trailer. As they approached the Nisqually bridge, a tire on the trailer blew out, dislodging the hubcap. Weiss stopped the car and trailer on the bridge proper, retrieved the hubcap, and started to remove the flat tire. He directed his daughter to warn oncoming traffic and to set out reflectors on the highway. Eastbound traffic had to use the inside lane to pass Weisses' disabled car and trailer. Traffic moved past the trailer at the rate of about 20 miles per hour.

Carl and Elmeda Statler, likewise driving easterly toward Tacoma, neared the Nisqually bridge some 15 to 20 minutes later. As they approached the bridge, Statler braked his vehicle, skidded, crossed the center line of the

highway, and struck Leaches' vehicle which was westbound toward Olympia. The Statlers and Mrs. Leach were killed as a result of the collision. Arthur and Susan Leach, the plaintiffs here, were injured. At the time of the impact, or shortly thereafter, Weisses left the scene. Leaches sued the Weisses and the Statlers' estates.[1]

After several days of trial, the trial court granted directed verdicts against all defendants. Only the issue of damages was presented to the jury. Defendants appeal and assign error to the trial court's ruling granting plaintiffs' motions for directed verdicts as to liability. The Statlers also assign error to the failure of the court to give several proposed instructions. As to proposed instruction 4, Statlers have not complied with CAROA 43. The instruction has not been set out in full as given to the trial court. The alleged error will not be considered.

██ In considering the correctness of the trial court's ruling, we are mindful of Const. art. 1, § 21, which provides that the right of a trial by jury shall be preserved inviolate. Further, this court is bound by the rule stated in *Guerin v. Thompson*, 53 Wn.2d 515, 519, 335 P.2d 36 (1959):

> The court can determine negligence, as a matter of law, when (1) the standard of care fixed is the same under all circumstances, and its measure is defined by law, and (2) where the facts are undisputed and there is but one reasonable inference therefrom.

To determine the existence or nonexistence of a question of fact, the court, in ruling on a motion for a directed verdict, must admit the truth of the opposing party's evidence and all inferences which reasonably can be drawn therefrom. The court must interpret the evidence most strongly against the movant. *Holland v. Columbia Irr. Dist.*, 75 Wn.2d 302, 450 P.2d 488 (1969).

██ Likewise, since a directed verdict of liability takes the question of proximate cause from the jury, we must

---

[1] References to Statlers as parties to this action relates to the role of their estates herein.

view the trial court's action against the appropriate test. It must be remembered:

> There is, of course, a distinction between an actual cause, or cause in fact, and a proximate, or legal, cause.
>
> An actual cause, or cause in fact, exists when the act of the defendant is a necessary antecedent of the consequences for which recovery is sought, that is, when the injury would not have resulted "but for" the act in question. But a cause in fact, although it is a *sine qua non* of legal liability, does not of itself support an action for negligence. Considerations of justice and public policy require that a certain degree of proximity exist between the act done or omitted and the harm sustained, before legal liability may be predicated upon the "cause" in question. It is only when this necessary degree of proximity is present that the cause in fact becomes a legal, or proximate, cause.
>
> The most usual definition of proximate cause of an event is: that cause which, in a natural and continuous sequence, unbroken by any new, independent cause, produces the event, and without which that event would not have occurred.

*Eckerson v. Ford's Prairie School Dist. 11,* 3 Wn.2d 475, 482, 101 P.2d 345 (1940). See *Guerin v. Thompson, supra.* It is only when the facts are undisputed and the inference plain that proximate cause becomes a question of law. *Ward v. Zeugner,* 64 Wn.2d 570, 392 P.2d 811 (1964).

■ Recognizing that the appropriate rules are more readily stated than applied, it is uncontested that the Statler car crossed the center line of the highway and collided with the Leach vehicle. It is likewise clear that the standard of care is fixed by law and is the same under all circumstances. RCW 46.61.100 provides:

> (1) Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:
>
> . . .
>
> (b) When an obstruction exists making it necessary to drive to the left of the center of the highway; provided, any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unob-

structed portion of the highway within such distance as to constitute an immediate hazard;

. . .

(3) Upon any roadway having four or more lanes for moving traffic and providing for two-way movement of traffic, no vehicle shall be driven to the left of the center line of the roadway, except when authorized by official traffic control devices designating certain lanes to the left side of the center of the roadway for use by traffic not otherwise permitted to use such lanes, or except as permitted under subsection (1) (b) hereof.

The violation of this statute is negligence per se. *Steadman v. Shackelton*, 52 Wn.2d 22, 322 P.2d 833 (1958).

Likewise, we are unable to say that the presence of the Statler car on the wrong side of the road was not a proximate cause of · plaintiffs' injuries under the test given, *supra*. In fact, in cases such as this, the failure to drive to the right of the center line is negligence and makes a prima facie showing of proximate cause as a matter of law. *Zahler v. Dittmer*, 50 Wn.2d 32, 308 P.2d 689 (1957).

This is not to say that cases like this may not raise a question of fact. A violation of RCW 46.61.100 may be excused.

. [W]here an automobile skids over onto its lefthand side of the road and collides with another automobile, the burden is upon the driver on the wrong side of the road to *justify* the violation of the law of the road and *establish that he was free from fault.*

(Italics ours.) *Weaver v. Windust*, 195 Wash. 240, 242, 80 P.2d 766 (1938). Accord, *Rumford v. Snider*, 31 Wn.2d 431, 197 P.2d 446 (1948).

The trial court felt there was no evidence of excusatory conduct on the part of Mr. Statler and thus refused Statlers' requested instructions 18 and 27. These instructions state, respectively:

A person, who is suddenly confronted by an emergency through no negligence of his own and who is compelled to decide instantly how to avoid injury and who makes such a choice as a reasonably careful person

placed in such a position might make, is not negligent even though he does not make the wisest choice.

You are instructed that under the laws of the State of Washington, an operator of a vehicle is required to operate the vehicle on the right of the center of the highway. However, the failure of the driver of a motor vehicle to keep to the right side of the highway is excused where, without fault on his part, his automobile skids across the center line of the road.

Where skidding results from the negligence of the driver, he is liable for the injuries proximately resulting therefrom.

To determine if the issue of excuse should have gone to the jury, we look at the evidence most favorable to Statlers. Carl Statler, with his wife seated beside him, approached the bridge while driving east toward Tacoma in the inside lane. The testimony most favorable to him indicated that he was driving at about 50 miles per hour. The pavement was wet and slippery. The speed limit was 60 miles per hour, and a sign on the bridge prohibited stopping or parking. Richard E. and Juanita L. Shaver were also driving east toward Tacoma but were in the curb lane and slightly behind the Statler vehicle while approaching the bridge. The testimony of Mrs. Shaver indicated there were cars applying their brakes up ahead in the vicinity of the bridge. Mr. Shaver did not see this; and neither did Mr. Statler, for he proceeded at the same rate of speed. Suddenly, Mr. Statler applied his brakes, and we may assume he applied his brakes because of something he observed ahead. He stated after the accident, but before he died, "What were the cars stopped for ahead?"

Mr. Statler was confronted with an emergency situation, and the law of our state provides that a person who is suddenly confronted with an emergency, through no negligence of his own, and who is compelled to decide instantly how to avoid injury, and makes such a choice as a reasonably careful person placed in such a position might have made, is not negligent even though he does not make the wisest choice. *Flaks v. McCurdy,* 64 Wn.2d 49, 390 P.2d 545 (1964). The trial court concluded that Statler was negligent

as a matter of law in crossing the center line into the westbound lane and that such negligence was a proximate cause of the collision between the Statler and Leach vehicles. Although Statler's crossing of the center line was prima facie negligence, nevertheless, excuse or justification may establish that it was not the result of negligence. We believe substantial evidence was presented to show an excuse or justification for the statutory violation. The justification was the emergency situation presented to Mr. Statler through no fault of his own. This created a question of fact which must be submitted to the jury for determination. It was therefore error to refuse Statlers' requested instructions 18 and 27.

The analysis of defendants Weisses' negligence is also straightforward. Mr. Weiss stopped the car and trailer on the Nisqually bridge. He admits seeing the signs on the bridge which prohibited stopping or standing. By stopping on the bridge, Weiss violated three separate statutes, RCW 46.61.560,[2] 46.61.570(1)(a)(vii),[3] and 46.61.575(4).[4] The

---

[2]"(1) Upon any highway outside of incorporated cities and towns no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the main-traveled part of the highway.

"(2) This section shall not apply to the driver of any vehicle which is disabled while on the main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

[3]"(1) Except when necessary to avoid conflict with other traffic, or in compliance with law or the directions of a police officer or official traffic-control device, no person shall:

"(a) Stop, stand or park a vehicle:

". . .

"(vii) Upon any bridge or other elevated structure upon a highway or within a highway tunnel; . . ."

[4]"(4) The state highway commission with respect to highways under its jurisdiction may place signs prohibiting or restricting the stopping, standing or parking of vehicles on any highway where in its opinion, as evidenced by resolution or order, such stopping, standing or parking is dangerous to those using the highway or where the stopping, standing or parking of vehicles would unduly interfere with the free movement of traffic thereon. Such signs shall be official signs and no person shall stop, stand or park any vehicle in violation of the restrictions stated on such signs."

violation of these statutes is negligence per se. *Greisen v. Robbins*, 36 Wn.2d 64, 216 P.2d 210 (1950); *Steadman v. Shackelton, supra.*

Weisses claim that the violation of the first of these statutes, 46.61.560, should be excused. This argument is based on subsection (2) of that statute. They contend "impossible" in the statute should be read to mean "not reasonably practicable." *Colvin v. Auto Interurban Co.*, 132 Wash. 591, 232 P. 365 (1925), and *Grubbs v. Grayson*, 165 Wash. 548, 5 P.2d 1033 (1931), are cited for this proposition. The argument is without merit. These cases were distinguished in *Chadwick v. Ek*, 1 Wn.2d 117, 131, 95 P.2d 398 (1939):

> The former statute upon the subject, Rem. Rev. Stat., § 6362-47, did not include the word "stop," and for the word "possible" it used the word "practicable." Manifestly, the legislature definitely intended to prohibit the stopping of an automobile on a public highway when it is possible to remove it therefrom or unless the vehicle is so disabled that it is impossible to avoid stopping and temporarily leaving it on the highway. Cases dependent upon the former statute are therefore not in point.

But see *Naranen v. Harders*, 1 Wn. App. 1014, 466 P.2d 521 (1970).

Under the facts of this case, the precise definition of the word "impossible" has little significance. Mr. Weiss testified that earlier in the day he had had a flat tire on his trailer but was able to drive some distance to an appropriate stopping place. This testimony would preclude the belief that it was impossible or not reasonably practicable to proceed across the bridge and off the road with the second blowout. And it must be remembered that Weiss not only stopped the car on a main-traveled portion of the highway, the stop was also on a bridge. This is specifically forbidden in RCW 46.61.570. While there is a statutory excuse provided for a violation of RCW 46.61.560, there is no such excuse for a violation of RCW 46.61.570. We are thus compelled to say that defendant driver Weiss was negligent as a matter of law.

Negligent conduct at large, however, is not suffi-

cient to establish legal liability. The negligence must be the cause in fact, and the proximate cause of some injury, before one is legally liable. The trial court found such connection as a matter of law. Defendants Weiss contend this was not a proper determination for the court. This court is compelled to say Mr. Weiss' negligence was the cause in fact of Leaches' injuries. Was the negligence also the proximate cause as a matter of law?

The Supreme Court allows determinations of proximate cause made under the standards of Restatement of Torts § 447:

> The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if
> (a) the actor at the time of his negligent conduct should have realized that a third person might so act, or
> (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or
> (c) the intervening act is a normal response to a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent.

*Gies v. Consolidated Frtw'ys, Inc.*, 40 Wn.2d 488, 244 P.2d 248 (1952). Viewing the evidence most favorable to defendants, we can say that Mr. Weiss knew, or should have known, that when he stopped on the Nisqually bridge he would create a traffic bottleneck. He knew that it was an absolute necessity for cars to move to the inside eastbound lane to pass his stopped vehicles. We cannot say as a matter of law, however, that Mr. Weiss should have realized Mr. Statler would cross the center line, or that Weiss would not regard it as highly extraordinary that Statler would cross the center line, or that Statler's crossing of the center line was a normal response to Weiss' negligence. Here, the facts are not undisputed, nor are the inferences plain. The jury must decide whether Mr. Weiss' negligence was the

proximate cause of this collision. *Ward v. Zeugner*, 64 Wn.2d 570, 392 P.2d 811 (1964). It was error to determine proximate cause as a matter of law.

The cause is remanded for retrial on the issues of liability only. Costs will abide the final result.

JAMES, C. J., and FARRIS, J., concur.

Petition for rehearing denied June 30, 1970.