Paul COLE, Administrator of the estate of Boyd Byron Cole, Appellant,

v.

LAYRITE PRODUCTS COMPANY, a Washington corporation, Appellee.

No. 24061.

United States Court of Appeals,
Ninth Circuit.
March 17, 1971.

L. William Houger (argued), of
Houger, Garvey & Schubert, Seattle,
Wash., for appellant.

James P. Connelly (argued), of Cash-
att, Williams, Connelly & Rekofke, Spo-
kane, Wash., for appellee.

Before CHAMBERS and MERRILL,
Circuit Judges, and TAYLOR*, District
Judge.

FRED M. TAYLOR, District Judge.

This wrongful death action was
brought by the appellant Paul Cole,
plaintiff below, as the personal repre-
sentative of the estate of his father,
Boyd Byron Cole, and on behalf of him-
self and his sister, Donna Lee King, as
children of the decedent. The district
court entered judgment on a jury ver-
dict for the defendant Layrite Products
Company, appellee here. The district
court further denied appellant's motion
for judgment notwithstanding the ver-
dict, or in the alternative for a new
trial, and this appeal followed. Jurisdic-
tion was properly invoked in the district
court under 28 U.S.C. § 1332, and this
court has jurisdiction under 28 U.S.C. §
1291.

The record reveals that on April 15,
1966, the decedent and his wife were
driving north on Highway 195, a two-
lane undivided highway near Colfax,
Washington. A car and trailer were
proceeding in the same direction just
ahead of them, and a third vehicle was
traveling immediately behind the Cole
vehicle.

The vehicle owned by the appellee,
concededly being operated by Layrite's
employee Henry Abrams, in the scope
and course of his employment, was trav-
eling south on the same highway. As
the Abrams vehicle approached the three
oncoming vehicles, it crossed over the
center line of the highway, collided with
the car and trailer ahead of the Coles'
automobile, and then crashed nearly
head-on with the Cole vehicle. Henry
Abrams and Mr. and Mrs. Cole all died

* Hon. Fred M. Taylor, United States District Judge, District of Idaho, sitting by designation.

as a result of injuries received in the collision.

The appellant's theory for recovery at trial was based solely on the contention that Abrams was negligent as a matter of law, since it was undisputed that he was driving on the left side of the highway, in violation of Washington law, at the time of the collision. R.C.W. 46.61.-100; Steadman v. Shackleton, 52 Wash. 2d 22, 322 P.2d 833 (1958); Leach v. Weiss, 2 Wash.App. 437, 467 P.2d 894 (1970).

The appellee's sole theory of defense, apparently accepted by the jury, was that Henry Abrams had suffered a sudden and unforeseeable physical attack or lapse of consciousness and was unable to control his vehicle.

■ The appellant correctly argues that upon such a prima facie showing of negligence *per se,* the burden of proof shifted to the appellee to explain that the act of driving on the wrong side of the highway was justifiable or excusable under the circumstances, or occurred without any wrongful act or omission by Abrams. Leach v. Weiss, *supra.* The appellant contends that the appellee did not prove by a preponderance of the evidence any cause or reason why the Abrams vehicle crossed the center of the highway, and that the trial court therefore erred in denying appellant's motion for a directed verdict. Appellant's argument misconceives the extent of the burden imposed on the appellee. The appellee is not required, for purposes of meeting a motion for a directed verdict, to have proved its defense by showing the specific cause of the presumptively wrongful act, but need only adduce evidence sufficient to raise a fact issue for the jury.

The appellee offered evidence tending to show that Abrams suffered from a heart condition which could have caused an unforeseen physical attack or periods of unconsciousness ranging in duration from a few seconds to as much as five minutes. The evidence shows that the Abrams vehicle crossed the center line in a gradual swerving manner, and that there was no sudden turn or braking action or other visible attempt to avoid the collision. There is also testimony indicating that just prior to the collision, Abrams was observed to be in a slumped position over the steering wheel and leaning toward the left-hand door of his vehicle. Other evidence shows that Abrams had been well rested, and had appeared alert and normal earlier in the day, which tends to negate a suggestion that he may have fallen asleep or had been inattentive to his driving. Finally, the appellee's medical expert testified that on the basis of the foregoing evidence, it was his opinion that Abrams had suffered from an attack which rendered him unconscious immediately prior to the collision.

■ We find this evidence substantial and sufficient to raise the issue of whether Abrams suffered the attack as contended. The trial court correctly denied the motion for directed verdict, and this court will not re-examine the jury's treatment of the fact issues properly submitted to it, particularly where the jury's verdict was reviewed and sustained by the trial court on post-trial motions. Insurance Co. of North America v. Thompson, 381 F.2d 677 (9th Cir. 1967).

The appellant further asserts that the trial court erred in giving its Instruction No. 16.[1] The appellant contends

1. Instruction No. 16:
   "If you find from the evidence in this case that the automobile operated by Mr. Abrams was traveling on the left or wrong side of the highway and caused the accident giving rise to this case, then he was guilty of negligence, unless you find by a preponderance of the evidence

that Mr. Abrams, at the time of the accident in question, was stricken by a sudden illness which he had no reason to expect and which rendered it impossible for him to control his car, then in that event Mr. Abrams was not guilty of negligence.

that the instruction constitutes an "unavoidable accident" instruction, which has been disapproved by Washington law. Under the applicable statutes and decisions of the courts of the state of Washington, it is clear that a defendant may, as a defense, justify or excuse a statutory violation and the attendant conclusion of negligence *per se.* R.C.W. 46.61.100, *supra*; Leach v. Weiss, *supra.* Unforeseen loss of consciousness is a condition which may suffice to so excuse a violation of a statute. Kaiser v. Suburban Transp. System, 65 Wash.2d 461, 398 P. 2d 14 (1965). The challenged instruction is not an "unavoidable accident" instruction of the type which may confuse jurors or inject phantom issues into a case, but is an instruction relating to a valid defense which the appellee was entitled to have submitted to the jury. The questioned instruction properly stated the law on the appellee's theory of defense and the trial court committed no error in giving the instruction.

Finally, the appellant argues that the trial court erred in denying his motion to amend the pleadings at the close of the evidence in order to inject into the case the issue of Layrite's primary negligence in permitting Abrams to drive a vehicle at all. Throughout the entire proceedings of the case, the appellant relied solely on his theory that the act of Abrams in driving on the left side of the highway constituted negligence *per se.* The appellant did not raise any issue with respect to the primary negligence of Layrite at any time prior to or during the trial and requested no instruction on such an issue. He first sought to urge his contention in his argument to the jury. The trial court refused to permit such argument and denied the appellant's motion to amend the pleadings to include the issue. The ap-

pellant contends that the appellee injected evidence on the issue into the case, and that for this reason he should have been permitted to amend the pleadings to conform to the proof. The record does not support the appellant's contention. During the appellee's case, its president testified that he had no knowledge that Abrams had suffered any prior incident of unconsciousness. Similar indications appear in answers to certain interrogatories made during discovery proceedings. This evidence, taken in context with the rest of the appellee's case, was clearly intended to show the unforeseeability of such an incident, and was not, as the appellant argues, an attempt to exculpate the appellee of primary negligence.

It is well settled that the amendment of pleadings to conform to proof under Rule 15(b) of the Federal Rules of Civil Procedure rests in the sound discretion of the trial court. Sackett v. Beaman, 399 F.2d 884 (9th Cir. 1968); Caddy-Imler Creations, Inc. v. Caddy, 299 F.2d 79 (9th Cir. 1962). The purpose of Rule 15(b) is to align the pleadings to conform to the issues actually tried. The rule does not permit amendments to include issues which may be inferentially suggested by incidental evidence in the record. Monod v. Futura, Inc., 415 F.2d 1170 (10th Cir. 1969). On these facts, we find no abuse of discretion on the part of the trial court in denying the amendment of the pleadings.

In view of our conclusion on the question of liability, it is unnecessary to consider the appellant's speculative contention that the rulings of the trial court on the damage issues prejudiced the jury in its consideration of liability.

The judgment is affirmed.