[No. 1232-2.   Division Two.   April 11, 1975.]

ERMA SCHLECT et al, *Appellants*, v. DENNIS SORENSON et al, *Respondents*.

*R. Graham Cross* (of *Klingberg, Houston, Reitsch, Cross & Frey*), for appellants.

*Odine Husemoen* (of *Walstead, Mertsching, Husemoen, Donaldson & Barlow*), for respondents.

ARMSTRONG, C.J.—This is a suit arising from an automobile accident which occurred in the middle of the three northbound lanes on Interstate 5. The jury found for the defendant on the plaintiffs' claim and for the plaintiffs on the defendants' counterclaim. Plaintiffs appeal.

The driver of plaintiffs' vehicle, Erma Schlect, reduced her speed, perhaps rather suddenly, when she noticed that there had been an accident ahead of her. The warnings were clear: there were flares set out alongside the highway, patrol cars with flashing lights parked on the shoulder, other vehicles parked on the shoulder and in the median, and pedestrians crossing the expressway to the median. When Mrs. Schlect reduced her speed, she was struck from the rear by the defendant, Judith Sorenson. Although it was dark and there were a few patches of fog on the highway, the visibility was generally quite clear. Mrs. Sorenson testified that she had observed the prior accident ahead but did not reduce her speed because she could see no actual obstructions on the road and she does not remember seeing Mrs. Schlect apply her brake lights. She did not notice the plaintiffs' vehicle slowing until it was too late.

Plaintiffs' appeal concerns the instructions given the jury. Plaintiffs contend that instruction No. 16, an emergency doctrine instruction, and instruction No. 12, a "changing lanes" instruction were erroneously given. Plaintiffs also assign error to the court's refusal of their instruction pertaining to the last clear chance defense to contributory negligence. We agree that instruction No. 16 and No. 12 were inappropriate to this case; accordingly, we reverse. We affirm, however, the trial court's determination that the last clear chance doctrine was not applicable to these facts.

██ The emergency rule instruction No. 16 read:

A person, who is suddenly confronted by an emergency through no negligence of his own and who is compelled to decide instantly how to avoid injury and who makes such a choice as a reasonably careful person placed in such a position might make, is not negligent even though he does not make the wisest choice.

This instruction presupposes the fact that an emergency existed. If there was no emergency, then the instruction is improper.

The emergency rule may be applicable as a defense when a party asserting it is confronted with a *sudden and unexpected peril* through no fault of his own. *James v. Niebuhr*, 63 Wn.2d 800, 389 P.2d 287 (1964); *Zook v. Baier*, 9 Wn. App. 708, 514 P.2d 923 (1973); *Hinkel v. Weyerhaeuser Co.*, 6 Wn. App. 548, 494 P.2d 1008 (1972). Even so, an emergency will not excuse the following driver in a rear-end collision unless the following driver has maintained his observation of the car ahead and has kept a safe distance from it. *Torrez v. Peck*, 57 Wn.2d 302, 356 P.2d 703 (1960); *Miller v. Cody*, 41 Wn.2d 775, 252 P.2d 303 (1953).

We have reviewed the record in this case and we find that the facts are incompatible with the legal characterization of an emergency.

There were several clear warnings along the highway that evening which signaled the oncoming traffic of impending danger. Because of these warnings, motorists should have anticipated that other traffic approaching the area would exercise caution by a reduction in speed. Mrs. Sorenson observed the warnings, yet she continued to maintain her rate of speed. Under these circumstances it cannot be said that the peril which Mrs. Sorenson encountered was sudden or unexpected or that Mrs. Sorenson was wholly without fault.

Mrs. Sorenson points out, however, that she does not remember seeing plaintiffs' brake lights, the inference being that plaintiffs may have given insufficient warnings. Whether or not Mrs. Schlect adequately signaled her reduction of speed with her brake lights may be an issue material to the question of defendant's ultimate liability. See RCW 46.61.305. But this by itself does not create an emergency when the peril should otherwise have been anticipated. *See James v. Niebuhr, supra*. Rather, it is a matter which bears on plaintiff Schlect's contributory negligence.

■ Plaintiffs' challenge to instruction No. 12, a "changing lanes" instruction, raises a question of first impression. Instruction No. 12 stated:

Under the laws of the State of Washington, whenever any roadway has been divided into two or more clearly marked lanes for traffic, a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

Defendant apparently offered this instruction in order to show that it may not have been safe to change lanes in order to avoid colliding with plaintiffs' vehicle. Defendant correctly points out that this instruction is an accurate statement of the law by reason of RCW 46.61.140. We agree with the plaintiffs, however, that it was not an appropriate instruction in this case.

The legal position of a following driver was clearly set out in *Miller v. Cody, supra* at 778:

Where two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver. *In the absence of an emergency or unusual conditions, he is negligent if he runs into the car ahead.*

(Italics ours.) *Accord, Tackett v. Milburn,* 36 Wn.2d 349, 218 P.2d 298 (1950); *Van Ry v. Montgomery,* 58 Wn.2d 46, 360 P.2d 573 (1961). In other words, *only* an emergency or unusual condition will excuse the following driver. The fact that he could not have changed lanes safely in order to avoid the collision will not operate as an excuse—unless he was confronted with a sudden emergency. (If there was in fact a bona fide emergency, then the instruction might aid the jury in deciding whether or not the defendant acted reasonably in the face of that emergency.)

Since we have found that there was no substantial evidence upon which to base the emergency doctrine and that the question of whether or not the defendant could safely change lanes is not relevant, we are compelled to hold that the defendant was negligent as a matter of law. The case

must be remanded for a determination of the plaintiffs' possible contributory negligence.

■ With respect to their own negligence, plaintiffs argue that the following instruction on the last clear chance doctrine should have been given:

> If you find that the plaintiff was negligent and that plaintiff's negligence continued up to the time of the accident and that such negligence culminated in a situation of peril from which the plaintiff could not extricate himself by the exercise of ordinary care, and if you find that the defendant by the exercise of ordinary care should have seen such peril in time to have had an opportunity to avoid the accident by the exercise of ordinary care, then the defendant had a duty to avail himself of that opportunity to avoid the accident. If you find that he failed to do so and that his failure was a proximate cause of the accident, he is liable notwithstanding plaintiff's own negligence.

This proposed instruction contemplates the so-called "second-phase" of the last clear chance rule.[1] *Leftridge v. Seattle*, 130 Wash. 541, 228 P. 302 (1924); *Lee v. Cotten Bros. Co.*, 1 Wn. App. 202, 460 P.2d 694 (1969). To invoke the rule, it must be shown that there was a clear and distinct opportunity for the defendant to avoid the accident after the plaintiff had acted negligently. *Wood v. Postelthwaite*, 6 Wn. App. 885, 496 P.2d 988 (1972); *Lee v. Cotten Bros. Co., supra*; Restatement (Second) of Torts § 479, at 534 (1965).

In the instant case the only potential plaintiffs' negligence which we can discern was the possible failure of the plaintiff driver to adequately signal her reduction of speed. After that point in time, there is no showing that the defendant had a clear and distinct opportunity to avoid the

---

[1]The "first phase" of the last clear chance doctrine may be invoked when the plaintiff's negligence is continuing and the defendant actually saw the plaintiff's peril and should have appreciated the danger but failed to exercise reasonable care to avoid the accident. *Sonnenberg v. Remsing*, 65 Wn.2d 553, 398 P.2d 728 (1965); *Nichols v. Spokane Sand & Gravel Co.*, 64 Wn.2d 219, 391 P.2d 183 (1964); *Lee v. Cotten Bros. Co.*, 1 Wn. App. 202, 460 P.2d 694 (1969).

collision. Moreover, we find the doctrine inapplicable because the plaintiffs were not in a position of "helpless peril" from which they could not reasonably extricate themselves. The court was correct in refusing to give this proposed instruction.

Reversed and remanded.

PEARSON and PETRIE, JJ., concur.