[No. 1174-2.   Division Two.   July 24, 1975.]

MICHAEL K. BELL, *Appellant*, v. WALTER D. WHEELER, ET AL, *Respondents*.

---

[2]Laws of 1971, 1st Ex. Sess., ch. 284, § 17.

*Bryce H. Dille* and *Campbell, Dille & Barnett,* for appellant.

*William J. Rush* and *Rush & Hayes,* for respondents.

PEARSON, J.—Plaintiff, Michael K. Bell, appeals an adverse jury verdict and judgment in his action for personal injuries and damages arising out of a collision of his motorcycle with a bus belonging to defendant Sumner School District and driven by the defendant Walter D. Wheeler.

The only issue raised on appeal is whether or not plaintiff's requested instruction on the doctrine of sudden emergency[1] should have been given. We are of the opinion the instruction should have been given, and that a new trial should be granted.

Plaintiff acknowledges that the impact between his motorcycle and the bus occurred on the side of the 18-foot-wide, two-lane highway, on which the bus had the right of way. Consequently, unless his presence on the wrong side of the road was excused or justified, he was negligent as a matter of law. *Leach v. Weiss,* 2 Wn. App. 437, 467 P.2d 894 (1970).

An excuse or justification exists when a driver is faced with an emergency situation through no fault of his own, and crosses the center line as the result of a choice of action which a reasonably careful person in the same situation might have made. *Leach v. Weiss, supra;* WPI 12.02, 6 Wash. Prac. 82 (1967).

---

[1]Plaintiff's requested instruction on the sudden emergency doctrine was taken verbatim from WPI 12.02, 6 Wash. Prac. 82 (1967):

"A person, who is suddenly confronted by an emergency through no negligence of his own and who is compelled to decide instantly how to avoid injury and who makes such a choice as a reasonably careful person placed in such a position might make, is not negligent even though he does not make the wisest choice."

█ It is axiomatic that before the trial court is required to instruct on a particular theory, there must be substantial evidence to support it. *Zook v. Baier*, 9 Wn. App. 708, 514 P.2d 923 (1973). A necessary adjunct to this rule, however, is that a conflict of evidence on the applicability of the doctrine of sudden emergency requires submission of the theory to the jury. This is especially true where the entire theory of plaintiff's case is predicated upon the proper application of the emergency doctrine to the facts of the case. *DeKoning v. Williams*, 47 Wn.2d 139, 286 P.2d 694 (1955).

With these rules in mind, we turn to the evidence in the case. The accident occurred on a curve of a narrow, winding, paved highway. Plaintiff was proceeding on an uphill grade on the outside of the curve. Defendants' bus was proceeding downhill on the inside of the curve. Plaintiff testified that as he was well into the curve, defendants' bus rounded the curve, partially on the wrong side of the road, there obstructing his lane of travel. Because he was leaning into the curve, it was impossible for him to swerve right to avoid the bus without the danger of upsetting his motorcycle immediately in front of the bus. Nor was he able to apply his brakes and attempt to stop. As a consequence, he turned the motorcycle sharply to the left in an unsuccessful attempt to pass the bus on its left side. This testimony was sharply disputed by defendants' witnesses. However, plaintiff's evidence, even if not as persuasive as that presented by defendants, was substantial evidence and was sufficient to warrant an instruction on the doctrine of sudden emergency. *DeKoning v. Williams, supra.*

Defendants' argument in favor of an affirmance is that the trial court must decide initially whether or not the emergency doctrine should apply, and if the trial court is persuaded by the evidence that plaintiff's negligence caused the emergency, it is proper to refuse the instruction. Defendants rely upon several cases which suggest that a decision upon the giving of this instruction is a question of law for the court. *Seholm v. Hamilton*, 69 Wn.2d 604, 419 P.2d 328 (1966); *Hinkel v. Weyerhaeuser Co.*, 6 Wn. App. 548,

494 P.2d 1008 (1972); *Zook v. Baier, supra; Schlect v. Sorenson*, 13 Wn. App. 155, 533 P.2d 1404 (1975). It was suggested by defendants in oral argument that there are two lines of cases concerning the trial court's function in the application of the emergency doctrine. However, we think those cases relied upon by defendants are factually distinguishable from the one at bench, and several other cases support the necessity of an instruction on sudden emergency in this case. *DeKoning v. Williams, supra; Ryan v. Westgard*, 12 Wn. App. 500, 530 P.2d 687 (1975); *Locker v. Sammons Trucking Co.*, 10 Wn. App. 899, 520 P.2d 939 (1974); *Leach v. Weiss, supra; Lee v. Cotten Bros. Co.*, 1 Wn. App. 202, 460 P.2d 694 (1969).

In *Hinkel v. Weyerhaeuser Co., supra, Zook v. Baier, supra,* and *Schlect v. Sorenson, supra,* the facts were not in dispute on the conditions under which the emergency was claimed. In all three cases the emergency was not sudden or unanticipated, so that the court could hold as a matter of law that the doctrine was inapplicable. *Hinkel v. Weyerhaeuser Co., supra,* and *Zook v. Baier, supra,* were cases of obscured vision, a factor well known to the parties claiming the benefit of the doctrine. In *Schlect v. Sorenson, supra,* the defendant testified that she was aware of the accident ahead on the freeway which caused the slowing or stopping of plaintiff's vehicle ahead of her. This testimony, we held, precluded her claim of sudden emergency as a matter of law when she collided with plaintiff's car from the rear.

*Seholm v. Hamilton, supra,* is clearly not in point. The principal issue decided on appeal was whether the trial court had erred in refusing to allow defendant driver to amend her answer to allege contributory negligence of a 6-year-old child who was struck by defendant's car while crossing a highway. In reversing the judgment in favor of plaintiff, and in allowing the amended allegation of contributory negligence, the Supreme Court stated in *Seholm v. Hamilton, supra* at 609:

> With contributory negligence on the part of appellant a prospective issue in the case, the question of whether the

evidence on retrial will justify or warrant the emergency instruction must be, however, left for determination by the trial court.

This statement was preceded by a discussion of the requirement that the event giving rise to application of the claimed emergency must comprehend the availability of and a possible choice between courses of action *after* the peril arises in order for the doctrine to be applicable. The Supreme Court reasoned that on the present state of the record that condition did not appear to exist, and therefore the sudden emergency doctrine did not appear to be applicable. However, there was to be a new trial with an added issue of contributory negligence. Consequently, the trial court was not foreclosed from instructing on the doctrine of sudden emergency if warranted from the evidence adduced at the new trial.

In the case at bench, if we accept plaintiff's version of the facts, the emergency occurred when the defendants' bus rounded the curve partially on the wrong side of the highway. This peril gave plaintiff a choice between attempting to swerve right with the danger of upsetting his motorcycle immediately in front of the bus, or attempting, as he did, to pass it on the wrong side of the highway. Plaintiff's testimony, even though vigorously disputed, was substantial evidence to support an instruction on plaintiff's only theory of recovery. Accordingly, it was error to refuse the instruction. *DeKoning v. Williams, supra; Ryan v. Westgard, supra; Locker v. Sammons Trucking Co., supra; Leach v. Weiss, supra; Lee v. Cotten Bros. Co., supra.*

We perceive the following distinction between the two lines of decisions which are cited above, concerning the necessity for instructing on the doctrine of sudden emergency. Where substantial evidence is lacking on some necessary element of the doctrine, the trial court may hold it inapplicable as a matter of law. Where, however, there is substantial evidence to support a party's claim of each element of the doctrine, even if some elements are disputed, the question of whether there was a sudden emergency and

whether the party's own negligence helped create the emergency are questions for the jury under proper instructions.

Reversed and remanded for a new trial.

ARMSTRONG, C. J., and PETRIE, J., concur.