20 P.3d 496 (2001)
105 Wash.App. 611
Janice E. HAYES, Respondent,
v.
WIEBER ENTERPRISES, INC., d/b/a Park Inn Park Plaza, Appellant.
No. 19243-1-III.
Court of Appeals of Washington, Division 3, Panel One.
April 3, 2001.
*497 Geoffrey D. Swindler, Mary M. Palmer, Paine, Hamblen, Coffin, Brooke & Miller, Spokane, for Appellant.
Edward J. Goss, Goss, Hipperson & Sampson, Spokane, for Respondent.
SWEENEY, J.
This is a slip-and-fall case. Janice Hayes injured her foot when she fell down the basement stairs at a restaurant and barthe Park Inn. She sued the owner, Wieber Enterprises, Inc. The jury returned a verdict for Ms. Hayes and awarded her damages. Wieber assigns error to three of the court's rulings.
First, it argues the court improperly applied the collateral source rule to exclude evidence that Ms. Hayes' doctor accepted less for his services than he billed. Next, Wieber argues the court erred by allowing testimony that two of the owners were on *498 site when Ms. Hayes fell. It argues their presence was irrelevant and prejudicial.
Finally, Wieber contends that the court should have given the jury a "duty to see" instruction. All of Wieber's assignments of error are to discretionary decisions of the trial judge. We find no abuse of discretion and affirm.

FACTS
Janice Hayes went to the Park Inn Park Plaza (Park Inn) with her sister and a friend. The trio entered the Park Inn through one of two public entrances. Ms. Hayes entered first. The other two followed. The door opened into a dark hall. Ms. Hayes saw no light at all. The bulb that lights the hall was burnt out. She proceeded down the hall, which she believed led into the restaurant.
But Ms. Hayes unknowingly walked through another door that led to the basement. She fell down the basement stairs. The basement door was open; it is normally kept closed. There is also an "Employees Only" sign on the basement door that is visible when the door is closed. The bartender on duty came to her aid. He turned on the basement light. Ms. Hayes' sister helped her up the stairs.
Ms. Hayes' ankle was bleeding and she was in pain. She applied ice to her ankle for 10 to 20 minutes before they returned to Deaconess Hospital, where they had been visiting Ms. Hayes' mother. Ms. Hayes' ankle was X-rayed. She was given pain medication and discharged.
Dr. Russell Oakley saw Ms. Hayes a few days after her fall. He diagnosed an avulsion fracture of the head of her calcaneus bone (heel bone). Dr. Oakley fit her with a boot-type cast. He operated on her foot approximately four months after the fall.
Ms. Hayes sued Wieber.
They tried the case to a jury. Wieber wanted to question Dr. Oakley on the difference between the amount he accepted in payment for his services ($3,300) and the amount he billed for these same services ($5,800). The court concluded the difference was a collateral source and refused the offered proof.
The bartender testified, over objection, that two of the Park Inn's owners were present at the time of the accident. Wieber argued their presence was irrelevant.
Wieber proposed a jury instruction on the duty to see, which would have told the jury that Ms. Hayes had a duty to see what would have been seen by a person exercising ordinary care. The court refused the instruction.
The jury found Wieber was negligent. It awarded Ms. Hayes $1,300 for wage loss, $5,900 for medical bills, and $68,500 for pain and suffering. The jury also concluded Ms. Hayes was negligent and 8 percent at fault.
Wieber moved for a new trial and/or remittitur. The court denied the motion.

ANALYSIS
Collateral Source Rule. Wieber argues the court should have allowed testimony on the discrepancy between the amount Dr. Oakley billed and the amount he actually accepted as payment in full.
Dr. Oakley billed Ms. Hayes approximately $5,800 for medical services. But he accepted the approximate $3,300 her health insurer paid as payment in full. Wieber argues that the $3,300 was appropriate evidence of the fair market value of the medical care.
Trial courts exercise broad discretion when deciding evidentiary matters, and will not be overturned unless there was a manifest abuse of that discretion. Cox v. Spangler, 141 Wash.2d 431, 439, 5 P.3d 1265 (2000). A trial court abuses its discretion when it bases its decision on untenable grounds or untenable reasons. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971).
Payments, other than those from the tortfeasor, received by a plaintiff because of injuries are a collateral source and will not reduce damages otherwise recoverable. Cox, 141 Wash.2d at 439, 5 P.3d 1265. Wieber argues the collateral source rule is not applicable because no one paid the difference between the amount billed and the amount accepted. It contends that the collateral *499 source rule only applies to actual amounts paid on the plaintiff's behalf. And no payment was made here beyond the $3,300 Dr. Oakley accepted.
Plaintiffs in negligence cases are permitted to recover the reasonable value of the medical services they receive, not the total of all bills paid. Patterson v. Horton, 84 Wash. App. 531, 543, 929 P.2d 1125 (1997). And the amount actually billed or paid is not itself determinative. The question is whether the sums requested for medical services are reasonable. 6 WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 30.07, at 39 (3d ed. Supp. 1994); Patterson, 84 Wash.App. at 543, 929 P.2d 1125.
Wieber could have challenged the reasonableness of Ms. Hayes' medical bills by presenting testimony that the charges were unreasonable. The fact that the doctor accepted the first party insurance carrier's limit for his services does not tend to prove his charge for these services was unreasonable. Dr. Oakley testified the bill was reasonable. Wieber presented no evidence to the contrary. The trial judge did not abuse his discretion by refusing to admit evidence that Ms. Hayes' physician accepted what her insurance company paid, as payment in full.
Moreover, there is no way for us to determine how much the jury awarded Ms. Hayes for her past medical bills. The verdict form simply stated "medical bills." It did not differentiate between past and future medical bills. The jury was, however, instructed to consider both past and future medical bills. And it awarded more than the amount billedindicating at least some of the verdict represented future medical bills.
Presence of Owners in the Bar. Wieber contends the court erred by allowing Ms. Hayes to show that two of the Park Inn's owners were present in the bar at the time of Ms. Hayes' fall. Wieber argues their presence was (1) not relevant, and (2) unfairly prejudicial.
Again, trial courts exercise broad discretion when deciding evidentiary matters, and will not be overturned unless there was a manifest abuse of that discretion. Cox, 141 Wash.2d at 439, 5 P.3d 1265. And a trial court abuses its discretion when it bases its decision on untenable grounds or untenable reasons. Carroll, 79 Wash.2d at 26, 482 P.2d 775.
Relevancy. All relevant evidence is admissible. ER 402; Medcalf v. Dep't of Licensing, 83 Wash.App. 8, 16, 920 P.2d 228 (1996), aff'd, 133 Wash.2d 290, 944 P.2d 1014, 76 A.L.R.5th 765 (1997). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401; Medcalf, 83 Wash.App. at 16, 920 P.2d 228. Evidence tending to establish a party's theory, or to qualify or disprove the testimony of an adversary, is relevant evidence. Lamborn v. Phillips Pac. Chem. Co., 89 Wash.2d 701, 706, 575 P.2d 215 (1978); Maicke v. RDH, Inc., 37 Wash.App. 750, 752, 683 P.2d 227 (1984).
Wieber argues the presence of the two owners was irrelevant. It claims testimony of their presence only inflamed the jurors' emotions and embarrassed the owners. The trial court allowed Ms. Hayes to say who was in the bar. The presence of the owners was relevant. First, knowledge of conditions in the bar by someone in a position of authority was an issue. See J.M.S. Farms, Inc. v. Dep't of Wildlife, 68 Wash.App. 150, 158, 842 P.2d 489 (1992) (knowledge of individuals at a certain level of responsibility is deemed the knowledge of the corporation). Second, the owners, along with everyone else in the bar at the time, were witnesses.
Unfairly Prejudicial. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. ER 403; Kirk v. Wash. State Univ., 109 Wash.2d 448, 462, 746 P.2d 285 (1987) (concluding evidence of prior abortions was prejudicial). Evidence may be unfairly prejudicial under ER 403 if it is evidence "dragged in" for the sake of its prejudicial effect or is likely to trigger an emotional response rather than a rational decision among the jurors. Carson v. Fine, 123 Wash.2d 206, 223-24, 867 P.2d *500 610 (1994). Nearly all evidence will prejudice one side or the other in a lawsuit. Id. at 224, 867 P.2d 610. The burden of showing prejudice is on the party seeking to exclude the evidence. Id. at 225, 867 P.2d 610.
Wieber claims the presence of the two owners in the bar was unfairly prejudicial. It particularly complains about the way it was used during closing argument. Wieber claims the prejudicial effect of this testimony is demonstrated by the jury's excessive verdict. Wieber does not assign error to the jury's award of general damages. We will not address an issue to which no error is assigned. Goehle v. Fred Hutchinson Cancer Res. Ctr., 100 Wash.App. 609, 620, 1 P.3d 579, review denied, 142 Wash.2d 1010, 16 P.3d 1263 (2000). Ms. Hayes' counsel said in closing argument:
So you decide for yourselves about whether this company is indifferent about the safety of customers, and you use that information and also the fact that two owners were present there that night and didn't bother to even ask to decide whether they're indifferent or not.
Report of Proceedings at 201.
The issue is not whether the owners' presence in the bar was prejudicial, but whether it was unfairly prejudicial. ER 403. The decision to admit evidence is within the discretion of the trial court. Cox, 141 Wash.2d at 439, 5 P.3d 1265. And so we find reversible error only in exceptional circumstances under ER 403. Carson, 123 Wash.2d at 226, 867 P.2d 610. Again, the question is whether the owners knew or should have known of a dangerous condition, and whether they did anything about it. The trial judge did not abuse his discretion. The evidence was relevant and not used (argued) unfairly.
Duty to See Instruction. Wieber argues the court erred by refusing to instruct the jury on Ms. Hayes' duty to see. Trial courts have broad discretion to determine how many instructions are needed for each litigant to present its theory of the case. Young v. Carter, 38 Wash.App. 147, 149-50, 684 P.2d 784 (1984); Hinkel v. Weyerhaeuser Co., 6 Wash.App. 548, 553, 494 P.2d 1008 (1972). And a trial court does not abuse its discretion by refusing to give a duty to see instruction when the requesting party can argue its theory under a general negligence instruction. Cornejo v. State, 57 Wash.App. 314, 320-21, 788 P.2d 554 (1990).
Here, the court instructed the jury on negligence. Wieber's theory of the case was that Ms. Hayes was negligent. Wieber's counsel argued that Ms. Hayes failed to exercise reasonable care because she walked down a dark hall when she could not see where she was going.
Wieber was able to argue its theory of the case without the duty to see instruction. Accordingly, the trial court did not abuse its discretion by refusing to give the additional instruction. Cornejo, 57 Wash.App. at 320-21, 788 P.2d 554.
Affirmed.
We Concur: BROWN, A.C.J., and KATO, J.