# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

BEATRIZ HERNANDEZ and ROSARIO CONTRERAS,

        Respondents,

        v.

HELEN STENDER and JOHN DOE STENDER, wife and husband and their marital community,

        Appellants.

No. 71064-8-I

ORDER DENYING MOTION FOR RECONSIDERATION, WITHDRAWING OPINION, AND SUBSTITUTING OPINION

The appellant, Helen Stender, has filed a motion for reconsideration of the opinion filed on March 24, 2014. Respondents, Beatriz Hernandez and Rosario Contreras, have filed a response. The court has determined that said motion should be denied and that the opinion filed on March 24, 2014 shall be withdrawn and a substitute published opinion be filed. Now, therefore, it is hereby

ORDERED that the motion for reconsideration is denied; it is further

ORDERED that the opinion filed on March 24, 2014, is withdrawn and a substitute published opinion shall be filed.

DATED this 23rd day of June, 2014.

_Appelwick, J_

_Dwyer, J._

_Becker, J._

FILED
2014 JUN 23 AM 10: 23
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

BEATRIZ HERNANDEZ and ROSARIO
CONTRERAS,

               Respondents,

               v.

HELEN STENDER and JOHN DOE
STENDER, wife and husband and their
marital community,

               Appellants.

No. 71064-8-I

DIVISION ONE

PUBLISHED OPINION

FILED: June 23, 2014

APPELWICK, J. — The trial court awarded Hernandez attorney fees pursuant to RCW 7.06.060 when Stender failed to improve her position in a trial de novo from arbitration of an automobile accident case. Because Hernandez improperly disclosed an offer of compromise prior to the trial court's entry of judgment, we reverse the award of attorney fees. We find no merit in Stender's appeal of several evidentiary rulings and affirm the judgment. Because Stender did not improve her position on appeal, we award Hernandez fees on appeal.

## FACTS

On January 8, 2007, Helen Stender rear-ended Beatriz Hernandez and Rosario Contreras when they were stopped at a red light. After the accident, Hernandez and Contreras both experienced pain and sought medical care from Dr. Al Noor Bhanji, a chiropractor.

On November 6, 2009, Hernandez and Contreras brought a personal injury suit against Stender. The parties went to mandatory arbitration, where the arbitrator found in favor of Hernandez and Contreras in the amount of $24,505. Stender subsequently requested a trial de novo. Hernandez and Contreras each made an offer of compromise of $9,500, which Stender rejected. The case proceeded to trial on June 11, 2012.

The jury found in favor of Hernandez and Contreras and awarded damages. Before the entry of judgment, Stender filed a motion for remittitur seeking to lower the award. Hernandez's response motion argued that Stender merely sought to "lower the award such that [Hernandez's] award does not exceed [the] offer of compromise in the amount of $9,500." Two days later, the court entered judgment per the jury verdict, awarding Hernandez $11,703 and Contreras $9,085.

Because Stender failed to improve her position on trial de novo against Hernandez, the trial court also granted Hernandez attorney fees under RCW 7.06.060. However, Stender did improve her position with respect to Contreras. Contreras was thus was not eligible to receive attorney fees under RCW 7.06.060.

Stender appeals the fee award and the judgment.

DISCUSSION

I. Attorney Fees

RCW 7.06.050(1)(c) provides, in pertinent part, that a "postarbitration offer of compromise shall not be filed or communicated to the court or the trier of fact until after judgment on the trial de novo." Stender argues that Hernandez's disclosure of her offer of compromise precludes her from recovering attorney fees. Hernandez counters that

2

the statute does not mandate a forfeiture of fees. She further maintains that no sanction is necessary here, because the trial court entered a judgment that mirrored the jury verdict amount.

In Hanson v. Estell, 100 Wn. App. 281, 291, 997 P.2d 426 (2000), the court reversed an attorney fee award under RCW 4.84.280. RCW 4.84.280 shares similar language with RCW 7.06.050, stating that "[o]ffers of settlement shall not be filed or communicated to the trier of . . . fact until after judgment." The Hanson plaintiffs filed their motion for attorney fees—including a copy of the offer of settlement—prior to the entry of judgment. 100 Wn. App. at 290. The trial court acknowledged disclosure of the offer but nonetheless awarded fees. Id. The appellate court found that the clear language of RCW 4.84.280 prohibits the trial court from learning of settlement offers until after the judgment is signed. Id. Thus, the plaintiffs' violation of the statute precluded their recovery of attorney fees. Id. at 291.

This court later addressed the relationship between Hanson and RCW 7.06.050. See Du K. Do v. Farmer, 127 Wn. App. 180, 188, 110 P.3d 840 (2005). In Do, the appellant argued that the respondent waived her right to attorney fees, because she did not request them until after the judgment was filed. Id. at 187. We disagreed. Id. at 188. In doing so, we discussed Hanson and acknowledged our prior enforcement of statutes with similar provisions. Id. We further noted that RCW 7.06.050 requires parties to wait until after the judgment to communicate an offer of compromise. Id.

Hernandez dismisses the language in Do as mere dicta. Citing to Jenbere v. Lassek, 169 Wn. App. 318, 322, 279 P.3d 969, review denied, 175 Wn.2d 1028, 291 P.3d 254 (2012), she correctly notes that Do said communication of an offer of

compromise <u>could</u> result in loss of fees, not that it <u>must</u>. She also correctly maintains that fee awards are a matter of trial court discretion. She argues that the trial court's grant of fees was not an abuse of discretion.

The clear policy of RCW 7.06.050 is to prevent a trial court from considering an offer of compromise in its entry of judgment. Our case law indicates the importance of complying with the statute. <u>See</u> <u>Do</u>, 127 Wn. App. at 188. And, it demonstrates that fee forfeiture is an appropriate remedy where a violation frustrates the statute's purpose. <u>See, e.g.</u>, <u>Hanson</u>, 100 Wn. App. at 291. Here, Hernandez intentionally violated the plain terms of the statute with the purpose of affecting the trial court's decision on Stender's motion for remittitur. RCW 7.06.050 is designed to prohibit this behavior. It is equally clear that the record does not establish that the premature communication of the offer of compromise could not have affected the decision of the trial court. Forfeiture of fees is warranted.

We hold that the award of attorney fees and costs after disclosure of the offer of compromise in response to a motion for remittitur prior to the entry of judgment was an abuse of discretion. Accordingly, we reverse the fee award.

## II. ER 904 Evidence

Stender contends that the trial court erred in excluding documents that she submitted pursuant to ER 904 and to which Hernandez and Contreras did not object until trial. We review a trial court's evidentiary rulings for abuse of that discretion. <u>Cox v. Spangler</u>, 141 Wn.2d 431, 439, 5 P.3d 1265, 22 P.3d 791 (2000). An appellant bears the burden to prove an abuse of discretion. <u>State v. Davis</u>, 174 Wn. App. 623, 642, 300 P.3d 465, <u>review denied</u>, 178 Wn.2d 1012, 311 P.3d 26 (2013).

ER 904[1] is designed to expedite the admission of documentary evidence. <u>Miller v. Arctic Alaska Fisheries Corp.</u>, 133 Wn.2d 250, 258, 944 P.2d 1005 (1997). It provides that certain documents "shall be deemed admissible" if properly proposed as an exhibit, unless objected to within 14 days. ER 904(a). In the absence of a timely objection, there is an expectation of admission. <u>Miller</u>, 133 Wn.2d at 260. However, an objection on the grounds of relevancy need not be made until trial. ER 904(c)(2).

On August 19, 2011, Stender proposed a number of exhibits under ER 904.[2] Hernandez and Contreras did not object at that time. However, when Stender offered

---

[1] ER 904 provides, in part:

(a) Certain Documents Admissible. In a civil case, any of the following documents proposed as exhibits in accordance with section (b) of this rule shall be deemed admissible unless objection is made under section (c) of this rule[;]

. . . .

(b) Notice. Any party intending to offer a document under this rule must serve on all parties a notice, no less than 30 days before trial, stating that the documents are being offered under Evidence Rule 904 and shall be deemed authentic and admissible without testimony or further identification, unless objection is served within 14 days of the date of notice, pursuant to ER 904(c). . . .

(c) Objection to Authenticity or Admissibility. Within 14 days of notice, any other party may serve on all parties a written objection to any document offered under section (b), identifying each document to which objection is made by number and brief description.

. . . .

(2) If an objection is made to a document on the basis of admissibility, the grounds for the objection shall be specifically set forth, except objection on the grounds of relevancy need not be made until trial. If the court finds that the objection was made without reasonable basis and the document is admitted as an exhibit at trial, the court may award the offering party any expenses incurred and reasonable attorney fees.

(Boldface omitted.)

[2] Stender proposed several documents as exhibits under ER 904. Hernandez made no pretrial objection to nine of them. Of those nine, two were not offered at trial and four were offered without objection. This leaves the three documents discussed here.

5

the exhibits at trial, Hernandez and Contreras objected to three—Allstate Insurance Company's complaint in its lawsuit against Dr. Bhanji, the plaintiffs' chiropractor; the confession of judgment in that suit; and Dr. Bhanji's guilty pleas to three counts of false swearing—and the court excluded the documents. Another judge hearing a motion in limine had previously ruled that these materials would be admissible for all purposes.

Stender did not designate for the appellate record the trial transcript pertaining to discussion of the admissibility of these exhibits. Nor does she cite to any portion of the record that might support her argument. Without those details, we do not know on what basis Hernandez and Contreras objected or on what basis the trial court made its ruling. We cannot properly review the alleged error. State v. Mannhalt, 33 Wn. App. 696, 704, 658 P.2d 15 (1983) ("The portion of the record certified to the court does not contain any of the motions or proceedings relevant to these matters. Therefore, we cannot consider the alleged errors."); RAP 10.3(a)(6) ("The [brief should contain] argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record.").

### III. Evidence of Medical Bills

Stender argues that the trial court should have excluded Dr. Bhanji's medical bills, because he waived them pursuant to his settlement with Allstate.[3] Thus, she contends, the jury should not have considered the bills when it awarded damages.

---

[3] Stender also argues that the trial court compounded its error by not allowing evidence of Dr. Bhanji's waiver. Specifically, she contends that the court should have permitted her to cross-examine Dr. Bhanji about the waiver. However, she does not designate that portion of the trial transcript. Nor does she cite to any portion of the record that might support her argument. We decline to consider this allegation of error. See LeMond v. Dep't of Licensing, 143 Wn. App. 797, 807, 180 P.3d 829 (2008) ("This court will not consider allegations of fact without support in the record."); RAP 10.3(a)(6)

In Hayes v. Wieber Enterprises, Inc., 105 Wn. App. 611, 616, 20 P.3d 496 (2001), the trial court excluded evidence that the plaintiff's doctor accepted less for his services than he billed. Id. at 615. The Court of Appeals found no abuse of discretion, stating that the amount billed or paid is not itself determinative. Id. at 616. Instead, the question was whether the sums requested were reasonable. Id. Waiver is merely a reduction taken to its limit.[4]

The trial court did not abuse its discretion by admitting evidence of Dr. Bhanji's bills.

## IV. Evidence of Undisclosed Claims

Stender argues that the trial court abused its discretion in admitting evidence of claims that Hernandez and Contreras did not properly disclose during discovery. Specifically, she objects to evidence of essential services, wage loss, and damage to Hernandez's vehicle. Neither respondent received essential services damages. Hernandez did not receive wage loss damages. But, Contreras did receive a wage loss award, which Stender requests this court to reverse. Hernandez received property damages, and the record contains testimony from Hernandez and her boyfriend about the vehicle.

---

("The [brief should contain] argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record.").

[4] In addition, the jury's verdict awarded Hernandez and Contreras damages for "medical bills" without itemizing the amount that corresponded to each doctor. The record before us is inadequate to allow a determination that the jury did or did not award any damages based on Dr. Bhanji's bills. However, we note the award of medical damages was less than the total of amounts claimed for services of providers other than Dr. Bhanji.

However, Stender did not provide a record on appeal demonstrating an objection to admission of evidence in support of these claims. RAP 10.3(a)(6) ("The [brief should contain] argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."). An objection is necessary to preserve an evidentiary issue for appellate review. RAP 2.5(a) ("The appellate court may refuse to review any claim of error which was not raised in the trial court."). We decline to review her claims.

V. <u>Fees on Appeal</u>

Hernandez and Contreras also request fees under RAP 18.9. RAP 18.9(a) permits the court to impose sanctions for a frivolous appeal. An appeal is frivolous if it raises no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that no reasonable possibility of reversal exists. <u>Protect the Peninsula's Future v. City of Port Angeles</u>, 175 Wn. App. 201, 220, 304 P.3d 914, <u>review denied</u>, 178 Wn.2d 1022, 312 P.3d 651 (2013). Stender raises issues that create a reasonable possibility of reversal. Her appeal is not frivolous.

However, Hernandez and Contreras also request fees on appeal under MAR 7.3. MAR 7.3 mandates a fee award against a party who appeals an arbitration award and fails to improve his or her position on trial de novo. A party who is entitled to fees under MAR 7.3 at the trial court level is also entitled to fees on appeal if the appealing party again fails to improve its position. <u>Arment v. Kmart Corp.</u>, 79 Wn. App. 694, 700, 902 P.2d 1254 (1995).

Stender improved her position with respect to Contreras below. Contreras is thus not eligible for attorney fees under MAR 7.3 either at trial or on appeal. But,

Stender failed to improve her position with respect to Hernandez. MAR 7.3 establishes that Hernandez was thus eligible for fees at the trial court level. Because Hernandez prematurely disclosed the offer of compromise, we concluded that RCW 7.06.050 precludes her from recovering those fees. However, this does not impact her eligibility for fees on appeal under MAR 7.3.

RCW 7.06.050(1)(c) shields the trial court from the offer of compromise when entering judgment. The Court of Appeals, however, is always aware of the offer of compromise by virtue of the court's role of review. Therefore, the policy behind RCW 7.06.050(1)(c) has no impact at the appellate level. But, under RCW 7.06.050(1)(b), the amount of the offer of compromise shall replace the amount of the arbitrator's award for determining whether the party appealing the arbitrator's award has failed to improve that party's position on the trial de novo. This remains so on appeal to this court. The premature disclosure of the offer of compromise to the trial court has no effect on the statutory substitution.

The purpose of MAR 7.3 is to discourage meritless appeals and reduce court congestion. Tribble v. Allstate Prop. & Cas. Ins. Co., 134 Wn. App. 163, 174, 139 P.3d 373 (2006). To achieve this end, the statute imposes risk on a party who appeals and does not improve his or her position. We respect this policy choice.

Stender did not improve her position on appeal relative to the offer of compromise. Hernandez is entitled to fees and costs on appeal under MAR 7.3, subject to her compliance with RAP 18.1(d).

Stender also requests fees, but not until her reply brief. RAP 18.1(b) mandates that a party who requests attorney fees must devote a section of its opening brief to the request. Stender did not comply with this rule. We deny her request.

We reverse the trial court attorney fee award and affirm the judgment. We award Hernandez fees on appeal.

Appelwick, J.

WE CONCUR:

Dwyer, J.

Becker, J.