# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In Re the Marriage of: | No. 45612-5-II |
| JODI HESLIP nka VINES, | |
| Respondent, | |
| and | |
| FREDERICK J. HESLIP, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Frederick Heslip appeals the trial court's order modifying the parties' parenting plan and awarding primary custody of the minor child, MH[1] to the mother, Jodi Heslip. Frederick[2] argues that the trial court (1) erred in applying RCW 26.09.260 to the facts because the evidence favored him as the primary custodial parent, (2) erred in not applying the relocation factors under RCW 26.09.520, and (3) abused its discretion in limiting the evidence at trial to the facts that occurred after its December 2011 order awarding temporary custody of MH to Jodi, pending trial.

We hold that the trial court did not err in applying RCW 26.09.260 to the facts and in modifying the parenting plan. Applying RCW 26.09.260(2)(c), the trial court's unchallenged findings of fact found that there was a substantial change in MH's circumstances since entry of the May 21, 2010 parenting plan, that MH was fully integrated into Jodi's new family and her home provided him stability, and that continued placement with Frederick would be detrimental to MH's

---

[1] We refer to MH by his initials to protect his privacy.
[2] To avoid confusion, we refer to the parties by their first names. We mean no disrespect.

mental and emotional health. We hold that the trial court's findings support the court's conclusion that it was in MH's best interests to award primary custody to Jodi. We also hold that, because Frederick did not object to the trial court's ruling limiting the evidence at trial to facts since the December 30, 2011 temporary order,[3] and because he agreed that the relocation issue was moot, he waived these issues on appeal under RAP 2.5(c). Accordingly, we affirm the trial court's October 14, 2013 order modifying the parenting plan.[4]

FACTS

I. THE MAY 2010 PARENTING PLAN

Frederick and Jodi Heslip married in August 2005. In November 2007, Frederick was convicted of a misdemeanor assault against Jodi. Their son, MH, was born in December 2007. Due to his criminal conviction, Frederick lost his job, then worked various jobs, had difficulty paying bills, and moved five to seven times during the first 18 months after MH was born. Frederick and Jodi divorced in May 2010. On May 21, 2010, the superior court entered a final parenting plan awarding primary residential placement of MH, age three, to Frederick. At the time the court entered the final parenting plan, Jodi was in the process of relocating to North Carolina, but she had not yet relocated.

II. JODI'S PETITION TO MODIFY AND FREDERICK'S MOTION TO RELOCATE

On October 13, 2011, Jodi filed a petition to modify the May 2010 parenting plan, seeking primary custody of MH. She alleged that, under RCW 26.09.260(2)(c), MH's environment was

---

[3] Order on Hearing (December 30, 2011 temporary order).
[4] Order Re: Modification/Adjustment of Custody Decree/Parenting Plan/Residential Schedule (October 14, 2013 order).

2

detrimental to his physical, mental or emotional health and that the advantages of the change in MH's environment outweighed any potential harm to MH. Jodi also filed a motion for temporary custody of MH so he could live with her temporarily in North Carolina pending trial and a motion to enjoin Frederick from taking MH out of Washington State. In response, Frederick filed a motion to relocate to Utah with MH; Jodi objected.

The trial court, finding adequate cause for Jodi to proceed on her petition to modify custody, set an evidentiary hearing. After three days of testimony, the trial court found that Frederick showed a pattern of domestic violence and moved several times within an 18 month period of time, that he was currently unemployed, and that he stopped communicating with MH and Jodi after she filed her pleadings. The trial court also found that Jodi was married and employed, that she had a consistent schedule and a plan for MH in North Carolina, and that while she had been treated for a prior mental health issue, she no longer required medication. The trial court further found that Frederick's instability created a substantial change in MH's circumstances, and that it was in MH's best interests to live with Jodi in North Carolina until the Cowlitz County Family Court completed a full investigation.

The trial court (1) granted Jodi's motion for temporary custody on December 30, 2011, and entered a temporary parenting plan on January 6, 2012, (2) ordered Frederick to exchange the child at the Salt Lake City Airport no later than January 6, 2012, and (3) referred the matter to the Cowlitz County Family Court for investigation. After granting Jodi's motion for temporary custody and entering the temporary parenting plan, the trial court stated that Frederick's motion for relocation was "moot." Verbatim Report of Proceedings (VRP) (December 1, 2011) at 58.

Both parties agreed with the trial court. MH subsequently moved to North Carolina to temporarily live with Jodi.

In accordance with the trial court's orders, the Cowlitz County Family Court investigated and filed a report recommending that (1) Jodi be designated as MH's primary custodial parent, (2) Frederick's residential time be limited until he successfully completed a certified program for domestic violence perpetrators, (3) Jodi directly supervise any telephone or computer contact between MH and Frederick, and (4) Jodi seek professional services or medication as needed to maintain her mental health.

Before the modification trial began in August 2013, the trial court ruled that the evidence would be limited to the facts occurring after the December 30, 2011 temporary order because Frederick had not appealed that order. The trial court treated those findings of fact and conclusions of law as verities. Frederick did not object. After a three-day trial, the trial court granted Jodi's petition to modify custody and awarded her primary custody of MH.

The trial court found that (1) Frederick failed to participate in the family court's investigation, (2) his testimony about his failure to participate in the investigation was not credible and his allegation that he was discriminated against by the family court due to his race and religion was not supported by evidence, (3) Frederick was held in contempt for failing to return MH to Jodi after summer vacation in August 2012, (4) Frederick failed to participate in selecting MH's counselor, and (5) Jodi's home was stable, she had a job, and was in school.

The trial court also found a substantial change in MH's circumstances since the initial parenting plan in May 2010, that MH "was fully integrated into Jodi's household, and, under

4

RCW 26.09.260(2)(c),[5] that continued placement with Frederick would be detrimental to MH's mental and emotional health. The trial court concluded that it was in MH's best interest to award Jodi primary custody.

On October 14, 2013, the trial court entered its findings and order modifying the May 2010 parenting plan. Frederick appeals the October 14, 2013 order and the October 14, 2013 modified parenting plan.

ANALYSIS

Frederick argues that the trial court (1) erred in applying RCW 26.09.260 to the facts because the evidence favored him as the primary custodial parent, (2) erred in not applying the relocation factors under RCW 26.09.520, and (3) abused its discretion in limiting the evidence at trial to the facts after the December 30, 2011 temporary order. We hold that the trial court did not err or abuse its discretion. The trial court's unchallenged findings of fact in its temporary and final orders support its conclusion to award primary custody of MH to Jodi under RCW 26.09.260(2)(c).

_____

[5] RCW 26.09.260 provides, in relevant part:

> (1) Except as otherwise provided . . . the court shall not modify a prior custody decree or a parenting plan unless it finds, upon the basis of facts that have arisen since the prior decree or plan or that were unknown to the court at the time of the prior decree or plan, that a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child.
> . . . .
> (2) In applying these standards, the court shall retain the residential schedule established by the decree or parenting plan unless:
> . . . .
> (b) The child has been integrated into the family of the petitioner with the consent of the other parent in substantial deviation from the parenting plan;
> (c) The child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

5

Because Frederick did not object to the trial court's ruling limiting the evidence at trial, and because he agreed that the relocation issue was moot, he waived these issues on appeal under RAP 2.5(a).

## I. STANDARD OF REVIEW

We review a trial court's decision to modify a parenting plan for abuse of discretion. *In re Marriage of Zigler*, 154 Wn. App. 803, 808, 226 P.3d 202 (2010). We will not reverse the decision unless the trial court's reasons are untenable. 154 Wn. App. at 808.

> A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; [and] it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.

154 Wn. App. at 808 (alteration in original) (quoting *In re Marriage of Fiorito*, 112 Wn. App. 657, 664, 50 P.3d 298 (2002)). We look at the evidence and draw reasonable inferences in the light most favorable to the non-moving party. 154 Wn. App. at 812. On appeal, we do not reweigh the evidence or evaluate a witness's credibility. *Bale v. Allison*, 173 Wn. App. 435, 458, 294 P.3d 789 (2013).

We will uphold the trial court's findings of fact if those findings are supported by substantial evidence. *In re Marriage of Raskob*, 183 Wn. App. 503, 510, 334 P.3d 30 (2014). We review de novo whether the trial court's conclusions of law flow from its findings. 183 Wn. App. at 510. Unchallenged factual findings are verities on appeal. 183 Wn. App. at 510.

## II. PARENTING PLAN MODIFICATION UNDER RCW 26.09.260

Frederick argues that the trial court erred in applying the facts to RCW 26.09.260 because the evidence favored him as the primary custodial parent. He argues that because he had steady employment and stable housing, there were no issues of domestic violence, and MH's was never harmed, that, under RCW 26.09.260(2)(c), the trial court erred in determining that it was in MH's best interests to award primary custody to Jodi. We disagree.

RCW 26.09.260(1) permits a court to modify a parenting plan if there has been a substantial change in the circumstances of the child or the nonmoving party. In determining whether a substantial change has occurred, the court looks to the factors in RCW 26.09.260(2), one of which is whether "[t]he child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child." RCW 26.09.260(2)(c).

In its December 30, 2011 temporary order, the trial court found that (1) Frederick showed a pattern of domestic violence and controlling behavior, (2) he had moved between five and seven times in the first 18 months of MH's life, (3) he was not employed in Utah, and (4) he prevented Jodi from communicating with MH after she filed her petition to modify. In contrast, the trial court found that Jodi was married, in school and employed, and had a plan for MH to reside with her in North Carolina. The trial court found that while both parents had a strong connection to MH, because of the substantial change in MH's circumstances due to Frederick's instability, it was in MH's best interests to temporarily reside with Jodi in North Carolina pending a full family court investigation and trial.

7

In August 2013, after hearing the testimony and evidence, and based on RCW 26.09.260(2)(c), the trial court found that MH's environment with Frederick was detrimental to MH's mental and emotional health and that the benefits of changing MH's primary residential placement to Jodi outweighed any potential harm. In reaching its decision, the trial court considered (1) the findings from its December 30, 2011 temporary order which were verities, (2) the evidence presented since entry of that order, including Frederick's testimony, Frederick's failure to comply with the procedures in the temporary parenting plan filed January 6, 2012, and the family court's report and recommendation, (3) the evidence regarding MH's integration into Jodi's household, and (4) the evidence regarding the effect that placement at that time with Frederick would have on MH's development.

To the extent, Frederick asks us to reweigh the trial court's credibility findings in either the December 30, 2011 temporary order or the August 13, 2013 ruling,[6] we decline to do so. *See Bale*, 173 Wn. App. at 458. Frederick failed to appeal the trial court's December 30, 2011 temporary order, its January 2012 temporary parenting plan, or its August 13, 2013 ruling; thus, we treat the findings of fact and conclusions of law in those orders as verities on appeal. *Raskob*, 183 Wn. App. at 510. Because the trial court's unchallenged factual findings support its conclusion and decision to grant custody of MH to Jodi, we find no error.

---

[6] Court's Ruling on Trial (August 13, 2011 ruling).

III. RELOCATION UNDER RCW 26.09.520

Frederick argues that the trial court erred in failing to apply the 11 factor test in RCW 26.09.520[7] when evaluating his motion to relocate MH. Frederick filed his motion to relocate after Jodi filed her petition to modify the parenting plan. In an evidentiary hearing on December 1, 2011, the trial court first decided Jodi's petition to modify the parenting plan, ruling that she would receive primary custody of MH. The trial court also stated that, in light of its decision on the petition to modify, "the motion for relocation is really kind of moot." VRP (Dec. 1, 2011) at 58. Both parties agreed that the motion for relocation was moot. In its

---

[7] There are 11 factors for the trial court to weigh when it is considering modification of a parenting plan to relocate the child and those factors are not weighted. The factors are:

> (1) The relative strength, nature, quality, extent of involvement, and stability of the child's relationship with each parent, siblings, and other significant persons in the child's life;
> (2) Prior agreements of the parties;
> (3) Whether disrupting the contact between the child and the person with whom the child resides a majority of the time would be more detrimental to the child than disrupting contact between the child and the person objecting to the relocation;
> (4) Whether either parent or a person entitled to residential time with the child is subject to limitations under RCW 26.09.191;
> (5) The reasons of each person for seeking or opposing the relocation and the good faith of each of the parties in requesting or opposing the relocation;
> (6) The age, developmental stage, and needs of the child, and the likely impact the relocation or its prevention will have on the child's physical, educational, and emotional development, taking into consideration any special needs of the child;
> (7) The quality of life, resources, and opportunities available to the child and to the relocating party in the current and proposed geographic locations;
> (8) The availability of alternative arrangements to foster and continue the child's relationship with and access to the other parent;
> (9) The alternatives to relocation and whether it is feasible and desirable for the other party to relocate also;
> (10) The financial impact and logistics of the relocation or its prevention; and
> (11) For a temporary order, the amount of time before a final decision can be made at trial.

RCW 26.09.520.

December 9, 2011 written order,[8] the trial court denied Frederick's motion for temporary relocation; he did not appeal this denial.

Frederick argues that the trial court was required to make findings on each of the 11 relocation factors under RCW 26.09.520. But because he agreed that the relocation issue was moot, he waived this argument on appeal. RAP 2.5(a) ("The appellate court may refuse to review any claim of error which was not raised in the trial court."); *Hernandez v. Stender*, 182 Wn. App. 52, 61, 321 P.3d 1230 (2014). We decline to address his argument.

## IV. LIMITING EVIDENCE AT TRIAL

Frederick argues that the trial court erred when it limited the evidence at the modification trial to facts after entry of the December 30, 2011 temporary order rather than allowing facts since entry of the May 2010 parenting plan. We hold that Frederick failed to preserve this issue for review, and affirm the trial court's order.

A party must object at trial in order to preserve an evidentiary issue for appellate review. *Hernandez*, 182 Wn. App. at 61; *See* RAP 2.5(a). In order to preserve an argument for appeal that a trial court erred in excluding evidence, a party must make a contemporaneous offer of proof setting out the substance of that excluded evidence and its relevance in the proceeding. *See* ER 103(a); *see State v. Benn*, 161 Wn.2d 256, 268, 165 P.3d 1232 (2007). Because Frederick failed to object or make an offer of proof, he waived this issue on appeal under RAP 2.5(a). Accordingly, we affirm the trial court's order modifying the parties' parenting plan and awarding primary custody of MH to Jodi Heslip.

_____

[8] Order re: Adequate Cause (December 9, 2011 written order).

CONCLUSION

We hold that the trial court did not err in applying RCW 26.09.260 to the facts and in modifying the parenting plan. Applying RCW 26.09.260(2)(c), the trial court's unchallenged findings of fact found that there was a substantial change in MH's circumstances since entry of the May 2010 parenting plan, that MH was fully integrated into Jodi's new family and her home provided him stability, and that continued placement with Frederick would be detrimental to MH's mental and emotional health. We hold that the trial court's findings support the court's conclusion that it was in MH's best interests to award primary custody to Jodi. We also hold that, because Frederick did not object to the trial court's ruling limiting the evidence at trial to facts since the December 30, 2011 temporary order, and because he agreed that the relocation issue was moot, he waived these issues on appeal under RAP 2.5(c). Accordingly, we affirm the trial court's October 14, 2013 order modifying the parenting plan.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Sutton, J._
SUTTON, J.

We concur:

_Maxa, J._
MAXA, P.J.

_Lee, J._
LEE, J.

11