# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| ARIKA PRINCE, | ) | No. 74407-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | UNPUBLISHED OPINION |
| INSURANCE COMPANY, | ) | |
| | ) | FILED: October 24, 2016 |
| Appellant. | ) | |
| | ) | |

VERELLEN, C.J. — Arika Prince sued State Farm to recover damages for injuries she sustained in a collision with an uninsured motorist. After mandatory arbitration and a trial de novo, State Farm appeals the trial court's determination that (i) State Farm is not entitled to a personal injury protection (PIP) offset, and (ii) Prince is entitled to an $88,807.74 MAR attorney fee award.

State Farm argues the trial court should have included a detailed analysis of reasonable attorney fees and costs as part of the court's decision of State Farm's motion for a PIP offset. Because there is no authority requiring the trial court to include a detailed and precise analysis in its PIP offset determination and because, on this record, it is clear that the trial court ultimately carefully analyzed reasonable attorney fees, State Farm's argument fails.

State Farm challenges the arbitration attorney fee award because Prince prematurely disclosed her offer of compromise and because the amount of the award exceeded the amount in controversy. But the trial court was in the best position to determine whether fee forfeiture was warranted. In view of the amount of the arbitration award, the MAR attorney fee award in this case was not unreasonably disproportionate.

We affirm.

## FACTS

Arika Prince sustained injuries in a motor vehicle collision caused by an uninsured motorist. Prince was insured under her parents' policy with State Farm Mutual Automobile Insurance. The policy included underinsured motorist (UIM) and PIP coverage.

State Farm paid $10,000 of Prince's medical expenses under the PIP policy. Prince sued State Farm when they could not agree on the amount of her UIM recovery. In mandatory arbitration, the arbitrator awarded Prince $70,480.07, which was reduced to the statutory maximum of $50,000.

State Farm requested a trial de novo. Prince presented State Farm with a $17,499 offer of compromise. State Farm did not accept the offer.

The jury returned a verdict in favor of Prince for $17,947.07,[1] and Prince moved for entry of a judgment on the verdict. State Farm opposed Prince's motion, asserting the trial court had not yet addressed the issue of offsets. In Prince's reply, she disclosed her $17,499 post-arbitration offer of compromise.

---

[1] The award was $8,947.07 for undisputed past economic damages, $4,500 for further past economic damages, and $4,500 for past noneconomic damages.

2

Before the trial court entered judgment on the verdict, it concluded State Farm was not entitled to a PIP offset.[2] The trial court also concluded Prince, as the prevailing party, was entitled to seek post-arbitration MAR attorney fees and costs. Prince filed a motion seeking a total of $114,602.95 in attorney fees and costs.

The trial court found Prince violated RCW 7.06.050(1)(c) when she disclosed the offer of compromise before judgment had been entered, but that forfeiture of all attorney fees was not an appropriate remedy. As a remedy for premature disclosure, the trial court deducted any time submitted by Prince's counsel for work related to Prince's response and motion for reconsideration. The trial court awarded Prince $88,804.75 in fees[3] and $10,623.20 in costs.

State Farm appeals.

## ANALYSIS

### I. Evaluation of Fees and Costs on Motion for PIP Offset

State Farm contends the trial court abused its discretion because it failed to provide a detailed and precise evaluation of Prince's fees and costs when it denied State Farm's motion for a PIP offset.

PIP coverage includes some immediate costs of an automobile accident, such as medical expenses.[4] If the insured subsequently recovers the total amount of her

---

[2] Prince received $4,000 from State Farm for general damages before trial, along with a letter acknowledging that the remaining coverage and damages would be reduced by that amount. On State Farm's motion for offsets, the court ruled State Farm was entitled to a credit against the jury verdict for the $4,000 payment.

[3] This sum reflects the $103,969.75 that Prince requested in total fees minus the fees and costs for the two motions relating to the RCW 7.06.050(1)(c) violation.

[4] Hamm v. State Farm Mut. Auto. Ins. Co., 151 Wn.2d 303, 309, 88 P.3d 395 (2004).

damages from another source,[5] "the PIP coverage becomes redundant."[6] Therefore, once the insured receives full recovery, the PIP carrier may seek reimbursement from its insured for the PIP benefits it paid.[7] If reimbursement is sought from the funds obtained through the insured's efforts, the PIP carrier must pay a pro rata share of the insured's reasonable legal expenses.[8]

The parties do not dispute the formula the trial court used to calculate the PIP offset. The formula includes reasonable attorney fees.[9] Rather, State Farm argues the court "rubberstamped" an unreasonable and unsupported amount of fees and costs in calculating the PIP offset and failed to provide a detailed and precise evaluation of those fees and costs.

But State Farm does not cite any compelling authority requiring the trial court to include a detailed or precise evaluation of fees and costs as part of its PIP offset decision. The trial court's task was merely to determine whether State Farm was entitled to a PIP offset using the agreed formula. Pursuant to Hamm v. State Farm Mutual Automobile Insurance Company, the trial court determined no PIP offset was available.[10]

---

[5] The tortfeasor, UIM carrier, or both.

[6] Hamm, 151 Wn.2d at 309.

[7] Id.

[8] Id.

[9] Both parties agree on the formula to calculate the PIP offset, (PIP Payment/Verdict) x (Fees + Costs) = Pro Rata Share.). Appellant's Br. at 17-19; Respondent's Br. at 11.

[10] 151 Wn.2d 303, 88 P.3d 395 (2004).

Applying the PIP offset formula here, if "reasonable attorney fees" exceed roughly $20,000, no offset is available. The trial court's task was not to define with precision and accuracy the exact amount of reasonable fees and costs above $20,000. State Farm has not presented this court with any case, statute, or regulation requiring a detailed lodestar or factor analysis as part of a PIP offset decision.

Further, just a month after denying the PIP offset, the same judge made a precise and detailed analysis of reasonable attorney fees far exceeding $20,000.[11] Although the determination of a PIP offset is an entirely separate process from the award of MAR attorney fees, a remand for more precise findings of reasonable attorney fees as part of the PIP offset analysis in this setting would be an odd use of limited judicial resources.[12]

We conclude the trial court did not abuse its discretion for lack of adequate support for and a precise and detailed evaluation of the exact amount of reasonable fees and costs it considered in arriving at its PIP offset decision.

---

[11] See CP at 782-86. Because reasonable attorney fees exceed $20,000, we need not resolve which costs are subject to PRP offset analysis.

[12] Relying primarily on Mahler v. Szucs, 135 Wn.2d 398, 957 P.2d 632 (1998), Prince argues that State Farm has no standing to contest the PIP offset calculation. But in Mahler, the defendant argued against paying a pro rata share of the plaintiff's legal expenses because it would entitle plaintiff's counsel to an additional fee beyond those identified in the fee agreement between the plaintiff and attorney. Our Supreme Court held the defendant lacked standing and that it was "of no concern to [defendant] whether any fee agreement between Mahler and her attorney provides for additional attorney fees." Mahler, 135 Wn.2d at 429. Unlike Mahler, State Farm disputes the reasonableness of the fees and costs incurred to generate the common fund, not its obligation to pay its pro rata share. Prince suggested at oral argument that the only one with standing to dispute the fees requested by Prince is Prince herself. But no authority supports such a strained concept of standing. Mahler has no application here. State Farm has standing to challenge the trial court's denial of a PIP offset.

## II. Forfeiture of MAR Fees and Costs

State Farm also argues the trial court abused its discretion when it concluded that Prince did not forfeit her MAR fee award by prematurely disclosing her offer of compromise to the court.

An award of MAR fees promotes the underlying purpose of MAR 7.3 "to discourage meritless appeals and reduce court congestion."[13]

RCW 7.06.050(1)(c) expressly provides:

> A postarbitration offer of compromise shall not be filed or communicated to the court or the trier of fact until after judgment on the trial de novo, at which time a copy of the offer of compromise shall be filed for purposes of determining whether the party who appealed the arbitrator's award has failed to improve its position on the trial de novo, pursuant to MAR 7.3.[14]

While the statute does not specify a remedy for premature disclosure, "fee forfeiture is *an appropriate* remedy where a violation frustrates the statute's purpose."[15] In Hernandez v. Stender, this court concluded that forfeiture of fees was an appropriate remedy where the insured "intentionally violated the plain terms of the statute with the purpose of affecting the trial court's decision on [her opponent's] motion for remittitur."[16]

State Farm argues forfeiture should apply here because the premature disclosure occurred while the trial court was considering Prince's pending motion for a PIP offset. On this record, the trial court could have exercised its discretion to forfeit MAR fees on the theory that Prince's premature disclosure undercut the integrity of the

---

[13] Hernandez v. Stender, 182 Wn. App. 52, 62, 358 P.3d 1169 (2014).

[14] RCW 7.06.050(1)(c).

[15] Hernandez, 182 Wn. App. at 57 (emphasis added).

[16] 182 Wn. App. 52, 57-58, 358 P.3d 1169 (2014).

entry of the judgment and subjected the trial court to unwarranted suspicions of a tainted decision. But the trial court was in the best position to gauge the severity of this violation. The trial court thoughtfully crafted a remedy striking fees related to the premature disclosure. We conclude it was not an abuse of discretion to forgo forfeiture and employ a lesser sanction.

*III. Excessive Award of MAR Fees and Costs*

Alternatively, State Farm argues that even if Prince did not forfeit the entire fee award, the trial court should have made a downward adjustment. State Farm focuses upon disproportionality of the $88,804.75 fee award.

We review the reasonableness of the amount of fees awarded for abuse of discretion.[17] A trial court may award attorney fees when authorized "'by contract, statute, or a recognized ground in equity.'"[18] RCW 7.06.060(1) "expressly entitles a nonappealing party in a trial de novo to attorney fees and costs if the appealing party fails to improve its position after requesting a trial de novo."[19]

MAR 7.3 provides that "[t]he court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve that party's position on the trial de novo." "Only those costs and reasonable attorney fees incurred after a request for a trial de novo is filed may be assessed under this rule."[20] The amount of

---

[17] Ethridge v. Hwang, 105 Wn. App. 447, 460, 20 P.3d 958 (2001).

[18] Berryman v. Metcalf, 177 Wn. App. 644, 656, 312 P.3d 745 (2013) (quoting Cosmopolitan Eng'g Grp., Inc. v. Ondeo Degremont, Inc., 159 Wn.2d 292, 297, 149 P.3d 666 (2006)).

[19] Id.

[20] MAR 7.3.

the offer of compromise shall replace the amount of the arbitrator's award for determining whether the party appealing the arbitrator's award has failed to improve its position on the trial de novo.[21]

State Farm heavily relies on Berryman v. Metcalf,[22] arguing the trial court failed to recognize the amount in dispute is a "vital" consideration.[23] But in Berryman, this court concluded that a fee award of $292,000 grossly exceeded the $36,542 jury award.[24] The court cited to Scott Fetzer Co. v. Weeks, where the fee award of $200,000 was nearly 10 times the amount in controversy.[25] But Berryman also recognized that the amount of the arbitrator's award can be considered as part of an amount-in-controversy analysis.[26]

Here, the arbitrator awarded $70,480.07 before adjusting down to the $50,000 statutory maximum. Even though the offer of compromise and the verdict were both between $17,000 and $18,000, we would not expect the trial court to ignore the size of the arbitrator's initial award. In view of the arbitrator's initial award, the $88,804.75 fee award was not grossly disproportionate to the amount in controversy.

State Farm argues the trial court did not make adequate findings addressing each of its objections to the time itemized by Prince's attorneys and paralegals. We conclude the numerous findings by the trial court expressly addressing its lodestar

---

[21] RCW 7.06.050(1)(b); MAR 7.3.

[22] 177 Wn. App. 644, 312 P.3d 745 (2013).

[23] Appellant's Br. at 28.

[24] Berryman, 177 Wn. App. at 661.

[25] 122 Wn.2d 141, 156, 859 P.2d 1210 (1993).

[26] Berryman, 177 Wn. App. at 660-62.

computation, including reasonable hours itemized for each attorney and paralegal, are adequate.

The trial court did not abuse its discretion in concluding that $88,804.75 was a reasonable attorney fee.[27]

### IV. Fees and Costs on Appeal

Prince also argues she is the prevailing party and is entitled to reasonable attorney fees on appeal. We agree. A party who is entitled to fees under MAR 7.3 at the trial court level is also entitled to fees on appeal if the appealing party again fails to improve its position.[28]

State Farm did not improve its position on appeal relative to the offer of compromise. Prince is entitled to fees and costs on appeal under MAR 7.3, subject to her compliance with RAP 18.1(d).

We affirm.

WE CONCUR:

---

[27] To the extent that State Farm assigns error to the MAR cost award of $10,623.20, it provides no compelling authority that the costs were not supported by the record. Additionally, because we affirm the award of MAR attorney fees and costs, we need not address Prince's argument that Olympic Steamship Co., Inc. v. Centennial Insurance Co.,117 Wn.2d 37, 811 P.2d 673 (1991) provides an alternative basis to support the award of fees and costs.

[28] Hernandez, 182 Wn. App. at 61-62.