# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GUY WAY and ZENAIDA WAY, | No. 49844-8-II |
| Respondents, | |
| v. | |
| JOHN CHOQUER, and all other persons occupying 9213 NE Mason Creek Road, Battle Ground, WA, 98604. | UNPUBLISHED OPINION |
| Appellants. | |

MELNICK, J. — John Choquer appeals the trial court's 2015 grant of a writ of restitution against him in an unlawful detainer action brought by Guy and Zenaida Way. The Ways purchased the property at a nonjudicial foreclosure sale. In an unpublished opinion, this court affirmed the trial court's grant of a writ of restitution. *Way v. Choquer*, No. 48191-0-II (Wash. Ct. App. Dec. 28, 2016) (unpublished), http://www.courts.wa.gov/opinions. Choquer now argues the nonjudicial foreclosure process was unlawful under RCW 61.24.030(2) because the land was for agricultural use. Because Choquer's claim could and should have been brought in his previous lawsuit, it is barred by res judicata. We affirm the trial court's dismissal of his claim and award the Ways attorney fees.

FACTS

Choquer owned a house located on NE Mason Creek Road in Battle Ground. The mortgage owners began a nonjudicial foreclosure process and publicly auctioned the house. The Ways purchased the house and recorded a trustee's deed in their favor. Because Choquer remained in the residence, he was served with a 20-day notice to end tenancy.

Choquer did not vacate the premises, so on September 1, 2015, the Ways filed a complaint for an unlawful detainer action against Choquer. At a show cause hearing to determine whether a writ of restitution should be issued, Choquer argued that service of the unlawful detainer complaint was defective. The trial court disagreed, ruled that proper service occurred, and granted the writ of restitution. Choquer appealed and the trial court stayed enforcement of the writ. We affirmed the writ of restitution.

Following this court's opinion, the Ways requested a hearing to lift the stay and set the correct time line on the writ of restitution. At a January 9, 2017 hearing on the Ways' request, Choquer again objected to the writ. He argued for the first time that the original mortgage owners should not have initiated a nonjudicial foreclosure process because the land was used for agricultural purposes. He argued they should have proceeded with a judicial foreclosure. Choquer also filed a Motion to Reverse Trial Court Decision and Rescind Trustee's Sale. The trial court denied Choquer's motion, finding that Choquer failed to raise his issue "within an action to contest the foreclosure" or to raise it "in connection with [the] unlawful detainer action." Clerk's Papers (CP) at 25. The trial court concluded, "Choquer is precluded from raising the issue as a defense to the unlawful detainer action at this time." CP at 25. Choquer appealed.

ANALYSIS

As a preliminary matter, both parties attached documents in the appendices of their briefs, which are outside the official record. Under RAP 10.3(a)(8), "[a]n appendix may not include materials not contained in the record on review without permission from the appellate court." Since neither party has obtained the requisite permission, we do not consider these documents.

I. RES JUDICATA

Choquer contends the trial court erred in ordering a writ of restitution because the foreclosure procedure was improper under RCW 61.24.030(2). The Ways respond that this claim is barred based on res judicata principles. We agree with the Ways

Whether an action is barred by res judicata is a question of law that we review de novo. *Berschauer Phillips Const. Co. v. Mut. of Enumclaw Ins. Co*., 175 Wn. App. 222, 227, 308 P.3d 681 (2013). The doctrine of res judicata bars a claim that was or *could have been* litigated in a previous action. *Ensley v. Pitcher*, 152 Wn. App. 891, 899, 222 P.3d 99 (2009). The doctrine applies where the current and previous actions have the same "'(1) persons and parties; (2) causes of action; (3) subject matter; and (4) quality of the persons for, or against, the claim is made.'" *Ensley*, 152 Wn. App. at 902 (quoting *Landry v. Luscher*, 95 Wn. App. 779, 783, 976 P.2d 1274 (1999)).

Here, the parties are the same in both causes of action; the causes of action regarding whether a writ of restitution should be ordered are the same; the subject matter of whether Choquer should vacate his home is the same in both actions; and, since both parties litigated in "their respective . . . capacities" in both proceedings, the quality of the parties is the same. *Eugster v. Wash. State Bar Ass'n*, 198 Wn. App. 758, 787, 397 P.3d 131, *review denied*, 189 Wn2d 1018 (2017).

In *Eugster*, Eugster initiated a sixth proceeding against the Washington State Bar Association (WSBA), claiming the WSBA's disciplinary system violated his due process and First Amendment rights under the United States Constitution and that the WSBA retaliated against him for an earlier lawsuit. 198 Wn. App. at 763. WSBA moved to dismiss the suit on several grounds, including res judicata. *Eugster*, 198 Wn. App. at 763. The trial court granted the motion on all grounds. *Eugster*, 198 Wn. App. at 763. On appeal, the court affirmed, holding that res judicata bars this lawsuit because Eugster could have asserted his due process arguments in at least one earlier proceeding. *Eugster*, 198 Wn. App. at 763.

Similarly, here, Choquer could have asserted his argument regarding the validity of the foreclosure process in an earlier proceeding. He failed to do so. Thus, res judicata bars Choquer's claim.

II.    ATTORNEY FEES

The Ways request attorney fees on appeal under RAP 18.1 and RCW 4.84.185 for having to defend against Choquer's frivolous appeal. An appeal is frivolous if it "is so totally devoid of merit that no reasonable possibility of reversal exists." *Hernandez v. Stender*, 182 Wn. App. 52, 61, 358 P.3d 1169 (2014). We conclude that the issues asserted on appeal are meritless and that Choquer had no reasonable possibility of prevailing based on res judicata principles. We hold that the appeal is frivolous and award attorney fees to the Ways.

We affirm.

4

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, J.

_____
Bjorgen, C.J.