# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

JONATHON L. TAYLOR,

Appellant,

v.

WASHINGTON STATE DEPARTMENT OF
LABOR AND INDUSTRIES,

Respondent.

No. 51360-9-II

UNPUBLISHED OPINION

LEE, J. — Jonathon L. Taylor appeals from a jury verdict affirming an order of the Board of Industrial Appeals, which denied Taylor's request to reopen his industrial injury insurance claim related to his lower back injury. Taylor argues that the superior court improperly admitted evidence related to his third degree child molestation conviction and sentence, and as a result, he is entitled to a new jury trial in superior court. We disagree and affirm.

## FACTS

### A. PROCEEDINGS BEFORE THE DEPARTMENT OF LABOR AND INDUSTRIES

Taylor injured his lower back while working at a lumber mill in June 2008. He filed a claim for permanent partial disability with the Department of Labor and Industries on June 19. The Department allowed the claim on June 25, but closed Taylor's claim a month later.

In October, Taylor was convicted of third degree child molestation. Taylor was sentenced to nine months incarceration and placed on 12 months of community custody supervision

following his release. As a condition of his supervision, Taylor was prohibited from having any contact with minors unless another adult was present. Taylor was also required to register as a sex offender.

In March 2012, Taylor applied to reopen his claim with the Department. The Department denied this request and issued an order affirming its decision to close Taylor's claim in May 2013. Taylor filed a request for reconsideration. The Department denied Taylor's request and issued an order affirming its decision to close Taylor's claim.

B.      PROCEEDINGS BEFORE THE BOARD OF INDUSTRIAL INSURANCE APPEALS

Taylor appealed the Department's order affirming its decision to close Taylor's claim to the Board of Industrial Insurance Appeals. Taylor argued that he was entitled to benefits because his June 2008 injury had prevented him from working. The Board heard testimony from several witnesses, including Taylor and two vocational rehabilitation counselors, Carl Gann and Barbara Berndt, who had worked with Taylor following his injury.

Taylor testified that he had not applied for another job since his June 2008 injury because his recurring back pain significantly limited the types of job tasks he could perform. On cross-examination, the Department questioned Taylor about his child molestation conviction, including the conditions of his community custody supervision that he register as a sex offender and have no contact with minors without another adult present. Taylor objected to this line of questioning "as more prejudicial than probative." Clerk's Papers (CP) at 94. The Board overruled Taylor's objection.

The Department also questioned Gann and Berndt on the details of Taylor's child molestation conviction. Gann testified that a person's criminal history was a factor in a typical

vocational assessment. Taylor objected and argued that Gann's testimony related to the details of his criminal conviction was more prejudicial than probative. Again, Taylor's objection was overruled.

Berndt similarly testified that a person's criminal history is a factor when assessing his or her employability. Berndt stated that Taylor had a felony conviction for sexual misconduct and as a result of that conviction, Taylor could not obtain work in environments where children were present. Berndt concluded that there were jobs that Taylor was physically capable of performing but could not obtain because he was not allowed to work around children without another adult present as a condition of his sentence. For example, Berndt explained that Taylor's injury did not prevent him from working as a cashier or school bus driver, but his restriction on having contact with minors precluded these employment possibilities. Again, Taylor objected, arguing that Berndt's testimony regarding Taylor's criminal conviction was more prejudicial than probative. The Board again overruled Taylor's objection.

The Board concluded that Taylor's June 2008 injury was not the proximate cause of his lower back condition. It also found that Taylor did not have a permanent partial disability proximately caused by his industrial injury. The Board ruled that Taylor was not a temporarily or permanently totally disabled worker. The Board issued a proposed order affirming the Department's order closing Taylor's claim.

Taylor filed a petition for review of the Board's proposed order, which the Board denied. As a result, the proposed order affirming the Department's decision to close Taylor's claim became the decision and order of the Board.

C.      PROCEEDINGS BEFORE SUPERIOR COURT

Taylor appealed the Board's decision to superior court.  There, he renewed his objections

and argued that "the nature of Mr. Taylor's conviction" was more prejudicial than probative.

Verbatim Report of Proceedings (VRP) (Oct. 17, 2017) at 5.  Taylor told the superior court:

> I concede that the time frame for the conviction and the sentence is relevant to his
> ability to treat or not treat, but I would argue that the—the nature of the conviction
> is—has no bearing on the industrial injury or the subsequent that condition that he
> develops or his disability.

VRP (Oct. 17, 2017) at 5.

> As to Taylor's community custody supervision, Taylor informed the superior court:

> I'm concerned that leaving in that he cannot work around children, that will allow
> the jury to draw an improper inference if the nature of the conviction is excluded,
> however, I would be willing to concede that if the nature of the conviction and all
> references to the child molestation are excluded.  And again, I would argue, I
> don't—I can't think of another crime that's going to be more prejudicial to a jury.

VRP (Oct. 17, 2017) at 9.

The superior court ruled that references to the specific crime of third degree child

molestation was extremely prejudicial and asked each party "to propose a sanitized version of the

description of this conviction."  VRP (Oct. 17, 2017) at 13.  Taylor proposed the term "sexual

misconduct."  VRP (Oct. 17, 2017) at 16.  The superior court responded, "Court was thinking more

along the lines of just a felony."  VRP (Oct. 17, 2017) at 16.  Taylor replied, "I would be very open

to that."  VRP (Oct. 17, 2017) at 16.  The superior court also excluded references to Taylor's status

as a registered sex offender, but ruled that his restriction on working around children as a result of

his felony conviction was relevant and admissible.

4

The jury found that the Board correctly decided that Taylor's industrial injury was not the proximate cause of his lower back condition.[1]  Taylor appeals.

ANALYSIS

Taylor argues that the superior court erred by admitting evidence that he had a felony conviction and that he was prohibited from being around minors without the presence of another adult.  We disagree.

A.    STANDARD OF REVIEW

The Washington Industrial Insurance Act (IIA), Title 51 RCW, governs judicial review of workers' compensation determinations.  *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 179, 210 P.3d 355, *review denied*, 167 Wn.2d 1015 (2009).  Our review of the superior court decision is governed by RCW 51.52.140, which states that an "[a]ppeal shall lie from the judgment of the superior court as in other civil cases."  This statutory scheme dictates a different role for this court than is typical for appeals from administrative decisions governed by the Administrative Procedure Act, chapter 34.05 RCW.  *Rogers*, 151 Wn. App. at 180.

In a typical appeal governed by the Administrative Procedures Act, we sit in the same position as the superior court and review a Board's determination de novo.  *Id.*  In contrast, in an appeal governed by the IIA, we " 'review whether substantial evidence supports the trial court's factual findings and then review, de novo, whether the trial court's conclusions of law flow from

---

[1]   The special verdict form instructed the jury to not make any additional findings if it found that the Board correctly decided that Taylor's industrial injury did not proximately his lower back condition.

the findings.' " *Id.* (quoting *Watson v. Dep't of Labor & Indus.*, 133 Wn. App. 903, 909, 138 P.3d 177 (2006)).

B.    INVITED ERROR DOCTRINE

Taylor argues that the superior court abused its discretion in admitting evidence that he had been convicted of a felony and, as a result of that conviction, was unable to be around children without another adult present. We hold that Taylor invited the evidentiary error that he now complains of on appeal.

"Under the invited error doctrine, a party may not set up an error at trial and then complain of it on appeal." *Grange Ins. Ass'n v. Roberts*, 179 Wn. App. 739, 774, 320 P.3d 77 (2013), *review denied*, 180 Wn.2d 1026 (2014). "The doctrine applies when a party takes affirmative and voluntary action that induces the trial court to take an action that party later challenges on appeal." *Id.*

Here, Taylor objected to testimony related to "the nature of [his] conviction." VRP (Oct. 17, 2017) at 5. He asked the court to limit references to his third degree child molestation conviction, and he proposed the term "sexual misconduct" to refer to his conviction. VRP (Oct. 17, 2017) at 16. When the superior court suggested use of the term "felony," Taylor responded, "I would be very open to that." VRP (Oct. 17, 2017) at 16. Because Taylor voluntarily and affirmatively agreed with the superior court's suggestion to refer to his conviction as a felony, Taylor may not now argue on appeal that the superior court erred in allowing testimony referring to his conviction as a felony.

Similarly, Taylor conceded that the conditions of his sentence were relevant to his ability to seek treatment. And he represented to the superior court that his concerns regarding testimony

6

that he cannot work around children would be alleviated if the superior court excluded evidence as to the nature of his conviction and all references to child molestation. Thus, Taylor took voluntary and affirmative action that induced the superior court to admit this evidence if it excluded all references to Taylor's child molestation conviction. Taylor invited this error and he may not now complain of it on appeal.[2]

C.      EVIDENTIARY RULING

Even if the invited error doctrine does not preclude Taylor's claim, his challenge to the superior court's evidentiary ruling fails. Taylor argues that the superior court abused its discretion in admitting evidence that he had a felony conviction and was prohibited from working around children because such evidence is inherently prejudicial. We disagree that the superior court abused its discretion.

1.      Standard of Review

We review the trial court's evidentiary rulings for an abuse of discretion. *Gilmore v. Jefferson County Pub. Transp. Benefit Area*, 190 Wn.2d 483, 494, 415 P.3d 212 (2018). However, "'[b]ecause of the trial court's considerable discretion in administering ER 403, reversible error is found only in the exceptional circumstance of a manifest abuse of discretion.'" *Lodis v. Corbis Holdings, Inc.*, 192 Wn. App. 30, 48, 366 P.3d 1246 (2015) (quoting *Carson v. Fine*, 123 Wn.2d 206, 226, 867 P.2d 610 (1994)), *review denied*, 185 Wn.2d 1038 (2016).

---

[2] Taylor does not dispute that he invited this error through his actions below. Instead, he argues that we should still consider his assignment of error because the invited error doctrine is not a complete bar to review. However, the only support Taylor provides for this argument is the dissent in *City of Seattle v. Patu*, 147 Wn.2d 717, 722, 58 P.3d 273 (2002) (Johnson, J., dissenting).

A court abuses its discretion when its ruling is manifestly unreasonable or based on untenable grounds. *Gilmore*, 190 Wn.2d at 494. A ruling is manifestly unreasonable or based on untenable grounds when it is unsupported by the record or results from applying the wrong legal standard. *Id.* We will not find an abuse of discretion simply because we would have decided the case differently. *Id.* Rather, we must be convinced that no reasonable person would have adopted the view of the trial court. *Id.*

2. The Superior Court did not Manifestly Abuse its Discretion

Only relevant evidence is admissible. ER 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. However, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." ER 403. "Trial courts enjoy 'wide discretion in balancing the probative value of evidence against its potentially prejudicial impact.'" *Salas v. Hi-Tech Erectors*, 168 Wn.2d 664, 671, 230 P.3d 583 (2010) (quoting *State v. Stenson*, 132 Wn.2d 668, 702, 940 P.2d 1239 (1997), *cert. denied*, 523 U.S. 1008 (1998)). "'Evidence may be unfairly prejudicial under ER 403 if it is evidence dragged in for the sake of its prejudicial effect or is likely to trigger an emotional response rather than a rational decision among the jurors.'" *Lodis*, 192 Wn. App. at 48 (internal citation omitted) (quoting *Hayes v. Wieber Enters., Inc.*, 105 Wn. App. 611, 618, 20 P.3d 496 (2001)).

Here, the evidence related to Taylor's criminal conviction was not introduced for the sake of its prejudicial effect. This evidence rebutted Taylor's claim that he was unable to find work solely because of his industrial injury. And the superior court's ruling, which excluded references

to the specific crime of child molestation and the requirement that Taylor register as a sex offender, obviated the potential emotional response that this evidence might have triggered. It cannot be said that the superior court's ruling, including the limitations it placed on this evidence, was a view that no reasonable person would have adopted. Thus, the superior court's ruling was not a manifest abuse of discretion, and Taylor's challenge on this basis fails.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, C.J.

Cruser, J.